No. 47,645

State of Kansas, *Appellee,* v. Raymond D. Pettay, *Appellant.*

(532 P. 2d 1289)

Opinion filed March 1, 1975.

*Larry A. Bolton,* of Dinges, Gottschalk, Bolton & Juhnke, of Hutchinson, argued the cause and was on the brief for the appellant.

*Richard L. Hathaway,* assistant county attorney, argued the cause, and *Curt T. Schneider,* attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

Fromme, J.: Raymond D. Pettay appeals from judgment and and sentence for felony theft. The evidence at the trial was uncontradicted. Pettay was seen shopping in an electronics store in Hutchinson, on February 6, 1974. While in the store Pettay removed a tape recorder from a store shelf, walked out of the store with the recorder under his arm and proceeded down the street. Pettay was observed by a customer in the store who advised Mr. Lett, the proprietor. Mr. Lett pursued the appellant Pettay and stopped him two and a half blocks from the store. At the request of Mr. Lett the appellant voluntarily returned to the store and waited while the police were called.

It is stipulated that the recorder was valued at over fifty dollars.

The police officer, who was called to the store, testified at the trial that he arrested the appellant and gave him the *Miranda* warning. He asked the appellant if he understood each of the rights contained in the *Miranda* warning. The appellant responded that he did. The officer further testified that the appellant volunteered the statement that he had been drinking all day and did take the recorder from the store. The officer testified that he smelled no odor of alcohol on the appellant when he was arrested and noticed nothing which would indicate that appellant had been drinking when he took the tape recorder.

On appeal the appellant argues that the evidence was insufficient to establish the criminal intent required by K. S. A. 21-3201 (1) (Weeks). Under this statute criminal intent is an essential element of the crime of felony theft, and criminal intent may be established by proof that the conduct of the accused was willful.

K. S. A. 21-3201 (2) (Weeks) provides:

"(2) Willful conduct is conduct that is purposeful and intentional and not accidental. As used in this code, the terms 'knowing,' 'intentional,' 'purposeful,' and 'on purpose' are included within the term 'willful.' "

On appeal the appellant argues that he is an epileptic subject to psychomotor seizures, that he has no recollection of the theft with which he is charged and that his actions were without criminal intent because he was suffering from a psychomotor epileptic seizure when the theft occurred.

There was medical evidence introduced at the trial that appellant had in the past suffered from epileptic seizures identified as both the grand mal and the psychomotor type seizure. If the theft occurred while appellant was suffering a psychomotor seizure the medical evidence introduced at the trial would support a jury finding that appellant's actions were not voluntary and at that point in time he lacked the required criminal intent necessary to commit the crime of theft.

No question is raised by appellant concerning the jury instructions. We must assume the jury was properly instructed as to the law. When an unlawful act is proven it will be presumed that the act was willful for a person is presumed to intend the natural and probable consequences of his voluntary and deliberate acts. (*State v. Eye*, 161 Kan. 69, 166 P. 2d 572; *State v. Cooper*, 190 Kan. 101, 372 P. 2d 289; *State v. Darling*, 208 Kan. 469, 493 P. 2d 216.)

In order for appellant to establish the defense urged by him it

was not sufficient to prove he was an epileptic before or after the commission of the crime. To establish such a defense the jury must find he was in the throes of an epileptic seizure at the precise time of the commission of the crime and that the seizure rendered his actions unintentional and involuntary. If an epileptic is not in the throes of an epileptic seizure at the time he commits a crime he may be held criminally responsible for such crime. (*People v. Codarre,* 245 N. Y. S. 2d 81, 20 A. D. 2d 98, aff'd. 200 N. E. 2d 570, 14 N. Y. 2d 370, 251 N. Y. S. 2d 676, cert. den. 379 U. S. 883, 13 L. Ed. 2d 89, 85 S. Ct. 153.)

Evidence on the subject was presented to the jury and the jury found that appellant's actions were voluntary and criminal in nature.

An appellate court upon reviewing the sufficiency of the evidence examines that evidence which favors the verdict, it does not weigh the evidence, and if the essential elements of the charge are sustained by any competent evidence the conviction should stand. (*State v. McCollum,* 211 Kan. 631, 507 P. 2d 196; *State v. Kelly,* 210 Kan. 192, 499 P. 2d 1040.) There is sufficient evidence in the record to support a finding that appellant was not in the throes of an epileptic seizure when the crime was committed and that he possessed the requisite criminal intent when he removed the tape recorder from the premises.

Appellant next complains that the closing argument of the prosecution was improper and deprived appellant of a fair trial. The appellant states in his brief that the improper argument consisted of reading portions of the deposition testimony of the doctor previously admitted into evidence on behalf of the appellant.

Although it is alleged that the county attorney read portions of the deposition during the closing argument, the closing argument was not transcribed and does not appear in the record on appeal. The appellant cites no authority and we know of none which precludes reference during closing arguments to depositions introduced at the trial.

The appellant has the burden of furnishing a record which affirmatively shows that prejudicial error occurred in the trial court. In the absence of a record showing prejudicial error the appellate court must assume that the action of the trial court was proper for it is precluded by the record from adequately reviewing an unsubstantiated claim of error. (*State v. Montgomery,* 175 Kan. 176,

179, 261 P. 2d 1009; *Kohn v. Babb,* 204 Kan. 245, 248, 461 P. 2d 775.)

The final point urged by appellant is that his sentence is disproportionate to the offense and constitutes cruel and unusual punishment. He was found guilty of felony theft, a class D felony, the sentence for which shall be an indeterminate term of imprisonment, the minimum of which shall be fixed by the trial court at not less than one (1) year nor more than three (3) years and the maximum of which shall be ten (10) years. (K. S. A. 21-4501 [Weeks].) Appellant had two prior felony convictions and was sentenced under K. S. A. 21-4504 (2) (Weeks). This statute provides that if the defendant has previously been convicted of two or more felonies the court may fix a minimum sentence of not more than three times the minimum sentence authorized in 21-4501, *supra,* and may fix a maximum sentence of not more than life. It is clear that appellant's sentence fixed by the court at a minimum of nine (9) years and a maximum of thirty (30) years is within the permissible limits of the applicable statutes and is not erroneous.

When a sentence is fixed by the trial court within permissible limits of the applicable statutes the sentence is not erroneous. In the absence of special circumstances showing an abuse of judicial discretion it cannot be determined on appeal that such a sentence is excessive or so disproportionate to the offense as to constitute cruel and unusual punishment. (*Clinton v. State,* 210 Kan. 327, 502 P. 2d 852; *State v. Huesing,* 211 Kan. 610, 506 P. 2d 1140; *State v. Miles,* 213 Kan. 245, 515 P. 2d 742.)

The judgment is affirmed.