No. 58,286

STATE OF KANSAS, *Appellee*, v. HENRY O. JOHNSON, *Appellant*.

(716 P.2d 192)

Opinion filed March 28, 1986.

*Wendell Betts*, of Topeka, argued the cause and was on the brief for appellant.

*Sue Carpenter*, assistant district attorney, argued the cause, and *Gene M. Olander*, district attorney, and *Robert T. Stephan*, attorney general, were with her on the brief for appellee.

The opinion of the court was delivered by

McFARLAND, J.: Henry O. Johnson was convicted of murder in the first degree (K.S.A. 21-3401) and aggravated robbery (K.S.A. 21-3427) upon his pleas of nolo contendere. In this direct criminal appeal, defendant contends the disparity between the sentences imposed upon him and the sentences imposed upon his codefendant constitutes an abuse of judicial discretion.

The pertinent facts and procedural history are summarized as follows. On August 14, 1984, Carl J. Baldwin died near the Kansas Avenue Bridge in Topeka after having been stabbed some 65 times. He had been robbed of approximately $14.00. Defendant and Elmer E. Barncord were charged with the first-degree murder and aggravated robbery of Mr. Baldwin. Codefendant Barncord was found guilty of these crimes in a jury trial. Barncord was sentenced to life imprisonment on the murder conviction and fifteen years to life on the robbery conviction with the terms to run *concurrently*. Defendant was convicted of the same two crimes on his pleas of nolo contendere. Defendant was sentenced to life imprisonment on the murder charge and ten to twenty years on the robbery charge with the terms to run

*consecutively.* The net result of the running of the Barncord sentences concurrently and the running of the defendant's sentences consecutively is that Barncord will be eligible for parole after serving fifteen years while defendant will not be eligible for parole until he has served twenty-two years (assuming no intervening circumstances alter the parole eligibility status of either of the two individuals). For purposes of appeal, it is conceded both Barncord and defendant have comparable prior records and histories. The jury trial and sentencing of Barncord occurred prior to the entry of pleas by and the sentencing of defendant, and all the Barncord proceedings were under a district judge other than the district judge presiding herein. There is no claim that the sentences imposed upon the defendant exceed the lawful penalties for the crimes of which defendant was convicted. The sole issue before us is whether the disparity between the sentences imposed upon defendant and upon his codefendant Barncord constitutes an abuse of judicial discretion.

Defendant contends that once codefendant Barncord was sentenced by the judge presiding in that proceeding, then the judge presiding over his case was bound to impose sentences no greater than those imposed upon Barncord (presumably defendant would not have objected to receiving a lighter controlling sentence than did Barncord). In support of his argument relative to abuse of judicial discretion, defendant cites cases where a single sentencing judge imposed massively disparate sentences upon codefendants with no reasonable basis therefor, and the sentences were held by the reviewing appellate court to constitute abuses of judicial discretion. See *State v. Goering*, 225 Kan. 755, 594 P.2d 194 (1979), and *Cochrane v. State*, 4 Kan. App. 2d 721, 610 P.2d 649 (1980).

As held in *State v. Goering*, Syl. ¶¶ 8 and 9:

"A sentence which is within the statutory limits as set forth by the legislature will not be disturbed on appeal in the absence of special circumstances showing an abuse of discretion."

"The discretion in imposing sentences which is lodged with a court is not a boundless, but a judicial, discretion. It is a discretion limited to sound judgment to be exercised, not arbitrarily, but with regard to what is right and equitable under the circumstances and the law."

The learned and experienced district judge presiding herein exercised his judicial discretion in imposing a lawful sentence upon the defendant. In so doing, he was not, and should not be,

bound by what some other judge, exercising judicial discretion, has determined is an appropriate sentence for a codefendant. In exercising his or her judicial discretion at sentencing, a judge should do what he or she believes is right and equitable under the circumstances and the law and not impose a greater or lesser sentence simply to conform to a sentence previously imposed by another judge.

We have carefully reviewed the record and considered the briefs and arguments herein and find no abuse of judicial discretion in the sentencing herein.

The judgment is affirmed.