No. 66,992

STATE OF KANSAS, *Appellee*, v. BRIAN C. BAILEY, *Appellant*.

(834 P.2d 1353)

Opinion filed July 10, 1992.

*Rick Kittel*, assistant appellate defender, argued the cause, and *Jessica R. Kunen*, chief appellate defender, was with him on the brief for appellant.

*Steven J. Obermeier*, assistant district attorney, argued the cause, and *Paul J. Morrison*, district attorney, and *Robert T. Stephan*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

ABBOTT, J.: This is a direct appeal by the defendant, Brian C. Bailey, from the trial court's refusal to modify his sentence.

Bailey was convicted of four counts of aggravated robbery and one count of first-degree felony murder. This court previously affirmed his conviction in *State v. Bailey*, 247 Kan. 330, 799 P.2d 977 (1990), *cert. denied* 111 S. Ct. 2022 (1991). The defendant then filed a motion, pursuant to K.S.A. 1991 Supp. 21-4603(4), to have his sentence modified. The thrust of his motion to modify was that the defendant is less culpable than his codefendant, Kohler Jeffries, but received a sentence that will require him to serve 15 years longer than Jeffries before becoming eligible for parole. The trial court denied the motion, and this appeal followed.

During the month of December 1986, the defendant and Jeffries committed five armed robberies in Johnson County, Kansas. During the perpetration of one of the robberies, a gas station attendant was killed, and that is the basis of one aggravated robbery and the first-degree felony-murder conviction. There was no witness to the armed robbery that culminated in felony murder. In the other robberies, a single robber, identified as Jeffries, entered the station on foot and robbed the attendant. During these robberies, the record indicates that Jeffries physically abused one attendant and shot another one in the hip and that the defendant acted as the "wheelman," driving Jeffries to and from the crime scenes.

The defendant was arrested leaving the scene of one of the Johnson County armed robberies. Papers found in his car had Jeffries' name on them. Because Bailey did not fit the description of the robber who committed the robbery and the aggravated assault upon the attendant, he was granted immunity for that particular robbery. The defendant named Jeffries as the gunman in all the robberies. When Jeffries was located a week later, he had a handgun in his possession that ballistics tests proved was the murder weapon and the weapon used by Jeffries to shoot the attendant in the hip. Jeffries confessed to shooting the attendant in the hip and to committing the other robberies, except the robbery in which the attendant was killed. He pled guilty to three counts of aggravated robbery and nolo contendere to one count of aggravated robbery and to first-degree felony murder.

Although the record in this case does not indicate that anyone other than Jeffries killed the attendant, our opinion in *State v. Bailey* clearly shows Jeffries testified that Bailey shot and killed the attendant and that Jeffries acted as the wheelman in that robbery. Because each placed the blame on the other, a question remains concerning which of the two pulled the trigger. Their past conduct and Jeffries' possession of the murder weapon would strongly point a finger at Jeffries. In any event, each equally are guilty of first-degree felony murder.

Both Jeffries and the defendant were sentenced on four counts of aggravated robbery and one count of first-degree felony murder.

In Jeffries' case, the trial judge, who is a different judge than the judge who sentenced the defendant, sentenced Jeffries to two terms of 15 years to life for two of the aggravated robberies and to one term of life for first-degree felony murder. Jeffries received two sentences of 15 years to life on the remaining two counts of aggravated robbery, *but* those sentences are to be served concurrently with each other and concurrently with the other three sentences, which means that Jeffries will be eligible for parole in 30 years.

The defendant was given the identical length of sentence for each offense, *but* each of his sentences was ordered to run consecutively. As a result, the defendant must serve a minimum of 45 years on these offenses before becoming eligible for parole.

Both Jeffries and the defendant had committed other crimes. Their sentences for the instant convictions are consecutive to their sentences for the other crimes.

Bailey claims it is an abuse of discretion for his parole eligibility to be 50 percent longer than Jeffries'. The defendant contends that Jeffries' culpability and participation in the crimes was greater than his. The defendant emphasizes that both he and Jeffries had prior convictions and that their past criminal records do not differ significantly. Bailey had three prior adult convictions: aggravated robbery in 1980; aggravated assault in 1988; and two counts of aggravated sodomy in 1988. Jeffries previously had been convicted of one count of robbery and one count of aggravated battery. At the time of sentencing, there was also an outstanding warrant from Wyandotte County, Kansas, for Jeffries for the crime of aggravated robbery with a handgun.

In support of his disparate treatment claim, the defendant cites *State v. Goering*, 225 Kan. 755, 594 P.2d 194 (1979), and *Cochrane v. State*, 4 Kan. App. 2d 721, 610 P.2d 649 (1980). In both cases, an abuse of discretion was found because of disparate sentencing. In *Goering*, this court held that under the facts of the case, it was an abuse of discretion for the trial court to impose a more severe sentence upon the defendant. She was the least culpable of the defendants. Her participation in the crime spree was that of the driver of the getaway vehicle. She had no previous criminal record. Yet, the sentence imposed upon her exceeded a cohort's sentence several times over. 225 Kan. at 762. In *Coch-*

*rane*, the Court of Appeals concluded the record did not justify imposing a sentence upon the plaintiff that was 15 times greater than the sentence imposed upon a codefendant. Both men were considered the primary instigators of the criminal activity in *Cochrane*. 4 Kan. App. 2d at 726-27.

In reaching its conclusion, the *Cochrane* court also took into account that the defendant "apparently was not offered similar plea bargaining possibilities as his codefendants, in violation of ABA Standards, Pleas of Guilty § 3.1(c)(Approved Draft, 1968), which provides that '[s]imilarly situated defendants should be afforded equal plea agreement opportunities.' " 4 Kan. App. 2d at 727. Bailey attempts a similar argument here. Although Jeffries entered into a plea agreement, the appellate defender speculates that the defendant was not offered the same opportunity. "An appellant has the burden of furnishing a record which affirmatively shows that prejudicial error occurred in the trial court." *State v. Edwards*, 250 Kan. 320, Syl. ¶ 7, 826 P.2d 1355 (1992). There is nothing in the record to indicate Bailey was interested in or was denied a plea bargain. Speculation does not prove abuse of discretion.

Although the defendant claims that the facts of his case fall within the abuse of discretion standard established in *Goering* and *Cochrane*, he fails to discuss *State v. Johnson*, 239 Kan. 124, 716 P.2d 192 (1986). In *Johnson*, this court dismissed an argument similar to Bailey's. The defendant, Henry Johnson, argued:

"[O]nce codefendant Barncord was sentenced by the judge presiding in that proceeding, then the judge presiding over his case was bound to impose sentences no greater than those imposed upon Barncord (presumably defendant would not have objected to receiving a lighter controlling sentence than did Barncord). In support of his argument relative to abuse of judicial discretion, defendant cites cases where a single sentencing judge imposed massively disparate sentences upon codefendants with no reasonable basis therefor, and the sentences were held by the reviewing court to constitute abuses of judicial discretion. See *State v. Goering*, 225 Kan. 755, 594 P.2d 194 (1979), and *Cochrane v. State*, 4 Kan. App. 2d 721, 610 P.2d 649 (1980).

. . . .

"The learned and experienced district judge presiding herein exercised his judicial discretion in imposing a lawful sentence upon the defendant. In so doing, he was not, and should not be, bound by what some other judge, exercising judicial discretion, has determined is an appropriate sentence for a codefendant. In exercising his or her judicial discretion at sentencing, a

judge should do what he or she believes is right and equitable under the circumstances and the law and not impose a greater or lesser sentence simply to conform to a sentence previously imposed by another judge." 239 Kan. at 125-26.

See *State v. Stallings*, 246 Kan. 642, 792 P.2d 1013 (1990).

In *Johnson*, the argument was that the second judge was *bound* to impose no greater sentence than the sentence another judge earlier had imposed upon a codefendant. We said that discretion in imposing sentence is not boundless and is to be exercised with regard to what is right and equitable under the circumstances. Therefore, the second trial judge is not restricted to imposing a sentence no greater than the sentence previously imposed upon a codefendant for the same crimes by another judge.

The holding in *State v. Johnson* does not mean, however, that the sentence of a codefendant should not be considered when the defendant is sentenced. Additionally, the legislature recently has expressed its intent that similarly situated defendants should receive similar sentences by adopting sentencing guidelines. Here, the trial judge summarily dismissed the difference in parole eligibility by saying the codefendant's sentence was not relevant.

In *Cochrane*, one defendant received a 1-year minimum sentence and the other a 15-year minimum, a 15-to-1 ratio. Here, the difference in parole eligibility for Bailey and Jeffries is 15 years. Although the ratio is less than in *Cochrane*, the defendant must serve 50 percent longer than his codefendant. Bailey must serve 15 years longer than Jeffries when the evidence in the record before us is that Bailey was less culpable than Jeffries.

We hold the trial court erred in not considering the disparity. The sentence is vacated and the case remanded to the trial judge for resentencing. We iterate that the trial judge is not bound to sentence the defendant in this case to the same or a lesser sentence than that given his codefendant. The trial court, however, must consider the sentence given the codefendant and, if a longer sentence is given, the reason for doing so should be set forth on the record.

Defendant's argument that, when all sentences are considered, he will not be eligible for parole until he is 96 years of age and, thus, his sentence constitutes cruel and unusual punishment because the sentence imposed was disproportionate to the crimes

committed is moot because of our vacating the sentence and remanding for resentencing.

Reversed and remanded.

HOLMES, C.J., and McFARLAND, J., dissenting.