(882 P.2d 1009)
No. 70,691

STATE OF KANSAS, *Appellee*, v. ROBERT ALLEN EMERSON, *Appellant*.

Opinion filed October 21, 1994.

*Hazel Haupt*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Jennifer Deines*, legal intern, *Debra S. Peterson*, assistant district attorney, *Nola Foulston*, district attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before BRISCOE, C.J., ROYSE, J., and E. NEWTON VICKERS, District Judge Retired, assigned.

ROYSE, J.: Robert Allen Emerson was convicted of six counts of burglary and six counts of misdemeanor theft. The district court sentenced Emerson to a controlling term of 3 to 15 years and placed Emerson on probation for 2 years. Emerson appeals from his sentence.

The case was tried to the court on stipulated facts. Emerson and Kelly Bolin went into the fenced storage lot at Marine World, a business in Clearwater, Kansas. They removed stereo equipment

from six boats. Todd Landers did not enter the fenced lot, but he acted as a lookout for Emerson and Bolin.

Emerson was charged and convicted of six counts of burglary and six counts of misdemeanor theft. Bolin and Landers entered into diversion agreements. The record does not reflect how long they were to remain on diversion.

The standard of review in this case is abuse of discretion. When a sentence is within the statutory limits, it will not be disturbed on appeal unless it is shown that the district court abused its discretion or that the sentence was the result of partiality, prejudice, oppression, or corrupt motive. *State v. Turner*, 252 Kan. 666, Syl. ¶ 1, 847 P.2d 1286 (1993).

Emerson's sole argument on appeal is that the district court failed to comply with *State v. Bailey*, 251 Kan. 527, 531, 834 P.2d 1353 (1992). *Bailey* requires a sentencing court to state its reasons for giving a defendant a more severe sentence than that received by a similarly situated codefendant. Emerson complains that the district court did not set forth any reasons for imposing a 3- to 15-year controlling sentence.

Emerson's reliance on *Bailey* is misplaced. *Bailey* concerned two defendants convicted of the same crimes. They received identical sentences, but one defendant was ordered to serve consecutive sentences while the other defendant received concurrent sentences. The result was that one defendant had to serve 45 years before he was eligible for parole while the other had to serve only 30 years. 251 Kan. at 529.

The district court that sentenced Bailey ignored the difference in parole eligibility and said that the sentence received by the codefendant was not relevant. Because the record indicated that the defendant receiving the longer sentence was less culpable than the other defendant, the Supreme Court concluded the district court erred by not considering the sentence disparity. Pointing out that the legislature's adoption of sentencing guidelines demonstrated an intent that "similarly situated defendants" should receive similar sentences, the Supreme Court ordered that Bailey be resentenced. 251 Kan. at 531.

Unlike *Bailey,* this case does not involve similarly situated defendants. Emerson was convicted of multiple crimes. Bolin and Landers have not been convicted of any crime. By definition, "diversion" means "referral of a defendant in a criminal case to a supervised performance program *prior* to adjudication." (Emphasis added.) K.S.A. 22-2906(3). Significantly, Emerson does not even suggest that he could have met the requirements for diversion.

Unlike *Bailey,* this case does not present a comparison of sentences. Emerson received a controlling sentence of 3 to 15 years. Bolin and Landers have not been sentenced. They have agreed to fulfill obligations set forth in their diversion agreements; if they do so, the charges against them will be dismissed with prejudice. K.S.A. 1993 Supp. 22-2909(a). By comparing his sentence to the codefendants' diversion agreements, Emerson compares apples and oranges.

Finally, the sentencing transcript in this case reflects that the district court carefully considered and discussed on the record the individual characteristics of Emerson, the harm caused by him, and his prior criminal conduct. "Generally, disparity in the sentences of codefendants does not amount to abuse of discretion where the trial court considers the individual characteristics of the defendant being sentenced, the harm caused by that defendant, and the prior criminal conduct of that defendant." *State v. Smith,* 254 Kan. 144, Syl. ¶ 4, 864 P.2d 709 (1993); accord *State v. Stallings,* 246 Kan. 642, Syl. ¶ 6, 792 P.2d 1013 (1990).

Affirmed.