IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 112,888

STATE OF KANSAS,
*Appellee*,

v.

BRIAN C. BAILEY,
*Appellant.*

SYLLABUS BY THE COURT

1.

A clerical error in sentencing may be corrected at any time.

2.

A pre-Kansas Sentencing Guidelines Act conviction must be classified as either a person or nonperson offense by comparing the criminal statute under which the prior offense arose to the comparable post-KSGA criminal statute.

Appeal from Johnson District Court; JAMES FRANKLIN DAVIS, judge. Opinion filed May 19, 2017. Affirmed and remanded with directions.

*Catherine A. Zigtema*, of Law Office of Kate Zigtema LC, of Lenexa, argued the cause and was on the brief for appellant.

*Steven J. Obermeier*, senior deputy district attorney, argued the cause, and *Stephen M. Howe,* district attorney, and *Derek Schmidt,* attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

STEGALL, J.:  Brian C. Bailey is serving a life sentence for felony murder. He appeals the summary denial of three pro se motions, arguing restitution has been wrongfully collected from him and his sentence is illegal. We hold no enforceable restitution judgment exists against Bailey and the wrongful collection of restitution likely arises from a clerical error. We also hold Bailey's offenses were properly classified as person felonies and his sentence is not illegal. Therefore, we affirm and remand for a hearing and correction of the clerical mistake.

FACTUAL AND PROCEDURAL BACKGROUND

In December 1986, Bailey and Kohler Jeffries committed a series of armed robberies of gas stations and a liquor store in Johnson County. During one robbery, they killed a gas station attendant. Bailey was convicted of one count of first-degree felony murder, four counts of aggravated robbery, and sentenced to life imprisonment. The district court found restitution in the amount of $37,521.07.

This is the fifth time Bailey's case has come before this court. In 1990, we affirmed Bailey's convictions on direct appeal. *State v. Bailey*, 247 Kan. 330, 340, 799 P.2d 977 (1990), *cert. denied* 500 U.S. 920 (1991). In 1992, we vacated Bailey's sentences and remanded the case for resentencing and consideration of the disparity between Bailey's and Jeffries' sentences. *State v. Bailey*, 251 Kan. 527, 531, 834 P.2d 1353 (1992). The district court resentenced Bailey to life imprisonment for felony murder and ordered three of his four aggravated robbery convictions to be served concurrently. The court again found restitution in the amount of $37,521.07.

In 1993, we remanded the case for computation of Bailey's Kansas Sentencing Guidelines Act (KSGA) sentence. *State v. Bailey*, No. 79,803, 1998 WL 982911 (Kan. 1998) (unpublished opinion). In 2005, we affirmed the summary denial of Bailey's third

motion to correct an illegal sentence. *State v. Bailey*, No. 88,639, 2005 WL 991913, at *3 (Kan. 2005) (unpublished opinion).

The present appeal arises from three pro se motions. In 2013 and 2014, Bailey filed two motions for release of restitution, arguing the restitution judgment against him was dormant and seeking reimbursement for money already paid toward restitution. The district court summarily denied the motions, concluding there was no enforceable restitution judgment that could become dormant.

In 2014, Bailey also filed a pro se motion to correct an illegal sentence. He argued the district court incorrectly classified his pre-KSGA offenses as person felonies in violation of *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016), and miscalculated his criminal history score as a result. The district court summarily denied the motion, concluding *Murdock* did not apply to Bailey's in-state offenses.

Bailey appeals the summary denial of these three motions pursuant to K.S.A. 2016 Supp. 22-3601(b)(3), which permits appeal from a district court judgment directly to the Supreme Court in "any [criminal] case in which a maximum sentence of life imprisonment has been imposed." See *State v. Thomas*, 239 Kan. 457, Syl. ¶ 2, 720 P.2d 1059 (1986) ("An appeal of a 22-3504 motion . . . falls within the appellate jurisdiction of the appellate court that has jurisdiction to hear the original appeal.").

For the first time on appeal, Bailey now claims restitution has been wrongfully collected during his imprisonment because, according to the restitution statute in effect when Bailey committed his offenses, restitution cannot be collected until he is released if and when payment of restitution is made a condition of parole. Thus, Bailey argues the district court's restitution determination at sentencing and resentencing was an advisory finding of fact rather than an enforceable order.

Bailey concedes this argument is unpreserved but contends the collection of restitution in his case stems from a clerical error in the Johnson County District Court computer system and such mistake may be corrected at "any time" pursuant to K.S.A. 22-3504. The record indicates that in 2012 a restitution order was entered into the computer system. It also appears, however, that no such order from the district court exists. Thus, it appears at least likely that restitution is being collected from Bailey due to a clerical error. He now asks us to remand for fact-finding and correction of any clerical error.

ANALYSIS

In his two motions for release of restitution, Bailey argued his restitution order is dormant pursuant to K.S.A. 60-2403 and 60-2404 and any restitution collected under the dormant judgment should be reimbursed to him. However, the district court correctly concluded there is no restitution judgment to become dormant.

Whether Bailey is currently subject to the trial court's restitution finding is a question of law subject to unlimited review. *State v. Alderson*, 299 Kan. 148, 149, 322 P.3d 364 (2014).

The district court summarily denied Bailey's motions to release restitution, finding his case was "nearly identical" to *Alderson*. It ruled that the sentencing court did not enter an enforceable judgment against Bailey but instead provided an advisory calculation of restitution to be used by the Kansas Prisoner Review Board (formerly the Kansas Adult Authority) upon commencement of Bailey's parole. Thus, the court concluded, "There never being an actual judgment of restitution set by the district court, the judgment could not become dormant."

4

In *Alderson*, this court considered whether a defendant's restitution order was dormant under K.S.A. 2013 Supp. 60-2403. 299 Kan. at 149. The district court's order in *Alderson* stated: "'The Court finds that restitution is owed in this case, as set out below, and advises the Secretary of Corrections' Board of Pardon and Parole that defendant's release from incarceration should be made contingent upon defendant making restitution.'" 299 Kan. at 150. We concluded this language was too ambiguous to subject the defendant to restitution collection during imprisonment and the district court did not have authority to impose parole conditions. 299 Kan. at 150-51. Therefore, we held that "the district court did not enter an enforceable restitution judgment when it sentenced Alderson. It instead provided an advisory calculation of damages for the benefit of the Kansas Prisoner Review Board. There being no judgment of restitution, the judgment could not become dormant." 299 Kan. at 151.

Likewise here, the sentencing court provided an advisory calculation of restitution for the parole board rather than an enforceable judgment of restitution. At Bailey's original sentencing in 1989 (and his resentencing in 1993) the district court found that restitution totaled $37,521.07. The 1993 sentencing journal entry stated, "For the benefit of the Kansas Adult Authority, restitution is found to be in the amount of $37,521.07." Thus, the plain language of the entry indicates the restitution calculation was advisory in nature—for the parole board's benefit when deciding the terms of Bailey's future probation.

Furthermore, the sentencing court did not have the statutory authority to impose restitution and imprisonment simultaneously on Bailey. Because Bailey committed his offenses in December 1986, K.S.A. 1986 Supp. 21-4603 governed the imposition of restitution orders at his sentencing and resentencing. See *State v. Denney*, 278 Kan. 643, 646, 101 P.3d 1257 (2004) ("Criminal statutes and penalties in effect at the time of a criminal offense are controlling."). K.S.A. 1986 Supp. 21-4603 states, in relevant part:

5

"(2) Whenever any person has been found guilty of a crime, the court may adjudge any of the following:

. . . .

"(f) . . . If the court commits the defendant to the custody of the secretary of corrections or to jail, the court may specify in its order the amount of restitution to be paid and the person to whom it shall be paid *if restitution is later ordered as a condition of parole or conditional release.*" (Emphasis added.)

This court interpreted identical provisions of K.S.A. 1991 Supp. 21-4603 in *State v. DeHerrera*, 251 Kan. 143, 834 P.2d 918 (1992), and held a sentencing court could not order a defendant to pay restitution during incarceration. 251 Kan. at 155. The *DeHerrera* decision relied upon a series of cases that interpreted similar versions of K.S.A. 21-4603 to arrive at the same conclusion. See *State v. Bowers*, 239 Kan. 417, 427, 721 P.2d 268 (1986); *State v. McNaught*, 238 Kan. 567, 588, 713 P.2d 457 (1986); *State v. Chilcote*, 7 Kan. App. 2d 685, 690, 647 P.2d 1349 (1982). The restitution statutory scheme has since changed, allowing courts to order defendants to serve a sentence of imprisonment and pay restitution simultaneously. *Alderson*, 299 Kan. at 150.

According to the restitution law applicable to Bailey, the district court could not impose both incarceration and restitution. Instead, when the district court sentenced Bailey to imprisonment, it could only "specify in its order the amount of restitution to be paid and the person to whom it shall be paid if restitution is later ordered as a condition of parole or conditional release." K.S.A. 1986 Supp. 21-4603(2)(f). Therefore, no enforceable restitution judgment exists against Bailey, and the dormancy statutes do not apply.

But this conclusion leads logically to the same end Bailey seeks—*i.e.*, how is it that the state is collecting restitution when there is no enforceable restitution order or judgment? In light of this, Bailey argues for the first time on appeal that it appears a

6

clerical error triggered the wrongful collection of Bailey's money, and such error may be corrected at any time pursuant to K.S.A. 22-3504. We agree.

"K.S.A. 22-3504 provides a method for correcting . . . a clerical mistake in judgments, orders or other parts of the record." *Thomas*, 239 Kan. at 459. K.S.A. 22-3504(2) states: "Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at *any time* and after such notice, if any, as the court orders." (Emphasis added.) Clerical mistakes include, "typographical errors, incorrect statute numbers, failure to include the statute number, failure to state additional true matter, formal or clerical errors and entries concerning matters of procedure" and are correctable by nunc pro tunc orders. 239 Kan. at 460.

The record reveals that a restitution order was entered into the Johnson County District Court computer system and the debt sent to collections. However, no such order exists—the sentencing courts only provided advisory calculations of restitution in 1989 and 1993. This entry mistake likely constitutes a clerical error that may be corrected at any time. K.S.A. 22-3504(2). Therefore, while we affirm the district court's denial of Bailey's pro se motions for release of restitution, we remand the case for a hearing to find and correct any clerical error affecting the current collection of restitution from Bailey.

Finally, Bailey asks this court to apply *Murdock*'s holding—that all *out-of-state* pre-KSGA crimes should be classified as nonperson felonies, *Murdock,* 299 Kan. at 319—to his *in-state* pre-KSGA crimes of aggravated robbery and felony murder. The State contends that res judicata precludes consideration of this motion, but regardless, *Keel* dictates that Bailey's offenses were correctly classified as person felonies.

"When, as here, a district court summarily denies a motion to correct an illegal sentence under K.S.A. 22-3504, this court applies a de novo standard of review." *State v.*

7

*Trotter*, 296 Kan. 898, 901, 295 P.3d 1039 (2013). This court has the same access to the motion, records, and files as the district court and must determine if such documents conclusively show that the appellant is entitled to no relief. 296 Kan. at 901-02.

This is Bailey's fifth motion to correct an illegal sentence. However, this is the first time Bailey has challenged the classification of his offenses. As we stated in *State v. Dickey*, 305 Kan. 217, 380 P.3d 230 (2016), "The classification of a prior crime as a person or nonperson felony for criminal history purposes is a question of state statutory law. A misclassification results in an illegal sentence that can be corrected at any time." 305 Kan. 217, Syl. ¶ 2; see K.S.A 22-3504(1). Therefore, res judicata does not bar Bailey's motion.

Though Bailey clears the res judicata hurdle, his claim fails on the merits. While Bailey's appeal was pending, this court overruled *Murdock* and held that "a pre-KSGA conviction and/or adjudication must be classified as either a person or nonperson offense by comparing the criminal statute under which the prior offense arose to the comparable post-KSGA criminal statute." *Keel*, 302 Kan. at 581. In light of *Keel*, Bailey's offenses of felony murder and aggravated robbery were properly classified as person crimes under the KSGA in effect when Bailey was resentenced in 1993. See K.S.A. 1993 Supp. 21-3401(b) (felony murder classified as a person felony); K.S.A. 1993 Supp. 21-3427 (aggravated robbery classified as a person felony).

Therefore, we hold Bailey's sentence is not illegal and affirm the district court's summary denial of Bailey's motion to correct an illegal sentence.

Affirmed and remanded for further proceedings consistent with this opinion.