NOT DESIGNATED FOR PUBLICATION

No. 124,346

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

BRIAN C. BAILEY,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Johnson District Court; JAMES CHARLES DROEGE, judge. Opinion filed September 16, 2022. Affirmed.

*Richard P. Klein*, of Lenexa, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., SCHROEDER and WARNER, JJ.

PER CURIAM: Brian C. Bailey appeals the district court's decision to deny his sixth motion to correct an illegal sentence. Bailey contends his sentence is illegal because the district court misclassified his prior convictions as person felonies instead of nonperson felonies resulting in a higher criminal history score and sentence. But Bailey's challenge is not to his actual sentence but to his computed sentence under the Kansas Sentencing Guidelines Act (KSGA), K.S.A. 1993 Supp. 21-4701 et seq. Because Bailey was not eligible for conversion of his pre-KSGA sentence, his computed sentence has no connection to the legality of his actual sentence. Because our Supreme Court has already

1

held that in computing a KSGA sentence for a pre-KSGA crime priors are counted as person or nonperson crimes based on their designation after the adoption of the KSGA, we affirm.

FACTUAL AND PROCEDURAL HISTORY

Bailey has been before the Kansas appellate courts many times. In fact, this is his sixth motion to correct an illegal sentence. We will not set out the tortured history here, as it was set out succinctly in *State v. Bailey*, 306 Kan. 393, 393, 394 P.3d 831 (2017). We will refer only to the history that is necessary to understand this appeal.

In 1986, Bailey and his codefendant committed a series of armed robberies. During one robbery, they killed a gas station attendant. Bailey was convicted of one count of first-degree felony murder and four counts of aggravated robbery. In 1989, he was sentenced to life in prison on the murder charge and a controlling minimum sentence of 60 years on the aggravated robbery charges. His convictions were affirmed in 1990. *State v. Bailey*, 247 Kan. 330, 340, 799 P.2d 977 (1990).

Two years later, in 1992, our Supreme Court vacated Bailey's sentences and remanded the case to the district court in response to a motion to modify his sentence. *State v. Bailey*, 251 Kan. 527, 531, 834 P.2d 1353 (1992). Bailey's codefendant, Kohler Jeffries, received an identical sentence to Bailey, but his aggravated robbery charges were to be served concurrently, making his controlling minimum sentence on those charges 15 years. The Supreme Court ordered the district court to resentence Bailey and consider the disparity between his and his codefendant's sentences, and if a longer sentence was justified the court was required to explain the reasons on the record. 251 Kan. at 531.

On remand, the district court resentenced Bailey to life imprisonment for felony murder and ordered three of his four aggravated robbery convictions to be served

2

concurrently. As a result, he had a sentence of 15 years to life on the murder charge and a controlling minimum sentence of 15 years on the aggravated robbery charges, making his sentence comparable to his codefendant. *Bailey*, 306 Kan. at 393. This sentence was imposed on September 1, 1993.

On July 1, 1993, the KSGA went into effect. Retroactive application of the KSGA to crimes committed before 1993 was limited by statute. K.S.A. 1993 Supp. 21-4724. Only sentences for felonies that would have been classified as severity level 5 or 6 after the adoption of the KSGA were eligible for conversion. Bailey's crime of first-degree murder was an off-grid crime and remains so to this day. That means that the sentence for that charge is not subject to the KSGA. His aggravated robbery charges were classified as severity level 3 person felonies. K.S.A. 1993 Supp. 21-3427. As a result, Bailey was not eligible for conversion of his sentence to a guidelines sentence. See *State v. Jeffries*, 304 Kan. 748, 752, 375 P.3d 316 (2016) (finding Bailey's codefendant's sentence was not subject to conversion). Baily concedes this on appeal.

But the law required that the district court *compute* a guidelines sentence in certain circumstances—even though the calculation would have no impact on the defendant's sentence.

> "In the case of any person to whom the provisions of this section shall apply, who committed a crime prior to July 1, 1993, but was sentenced after July 1, 1993, the sentencing court shall impose a sentence as provided pursuant to law as the law existed prior to July 1,1993, and shall compute the appropriate sentence had the person been sentenced pursuant to the Kansas sentencing guidelines." K.S.A. 1993 Supp. 21-4724(f).

When Bailey was resentenced in 1993 based on the disparity between his sentence and his codefendant's, the district judge did not compute his guidelines sentence— perhaps because his original sentencing date was in 1989, so the statute, arguably, did not apply. Remember, his original sentencing date was February 23, 1989, for crimes

3

committed on December 8, 1986. But eventually the district court was ordered to compute a guidelines sentence for Bailey using the 1993 KSGA. The Supreme Court held this was required because of his September 1, 1993 resentencing date. *State v. Bailey*, No. 79,803, unpublished opinion filed December 11, 1998, slip op. at 5, 7 (Kan.). But see *State v. Clark*, 313 Kan. 556, 572-73, 486 P.3d 591 (2021) (finding that the legality of a sentence is determined by the law in effect on the date of an inmate's original sentence—the resentencing date is irrelevant). The Supreme Court noted that Bailey's murder charge was an off-grid crime, so there would be no guidelines sentence to compute. But as to the aggravated robbery charges, one would have to be designated the primary crime and his full criminal history applied to it, while the others would have a criminal history score of I. *Bailey*, No. 79,803, slip op. at 6-7.

So in 1999, the district court dutifully recomputed Bailey's KSGA sentence. He did not appeal. He now claims that the 1999 computation was in error because it counted his prior crimes as person felonies when they should have been classified as nonperson felonies. Had his priors been counted as nonperson felonies his computed guidelines sentence would be 77 months instead of 103 months on each of his 4 aggravated robbery charges. Following a hearing, the district court denied his motion.

Bailey timely appeals.

ANALYSIS

Bailey's sole argument on appeal is that his sentence was illegal because his prior convictions should have been classified as nonperson felonies when the district court computed his KSGA sentence in 1999. Our review of Bailey's claim is unlimited. *State v. Sartin*, 310 Kan. 367, 369, 446 P.3d 1068 (2019) (whether a sentence is illegal is a question of law over which appellate courts have unlimited review); *State v. Alvarez*, 309

4

Kan. 203, 205, 432 P.3d 1015 (2019) (interpretation of statutes is a question of law over which appellate courts have unlimited review).

A sentence is illegal under K.S.A. 2021 Supp. 22-3504 when: (1) it is imposed by a court without jurisdiction; (2) it does not conform to the applicable statutory provisions, either in character or the term of punishment; or (3) it is ambiguous about the time and manner in which it is to be served. *State v. Hambright*, 310 Kan. 408, 411, 447 P.3d 972 (2019).

The legality of a sentence is determined by the law in effect on the date the inmate's original sentence was pronounced. *Clark*, 313 Kan. at 572-73. "A sentence is not an 'illegal sentence' because of a change in the law that occurs after the sentence is pronounced." K.S.A. 2021 Supp. 22-3504(c)(1). Even though the sentence may have been found to be illegal when pronounced, the resentencing date is irrelevant for purposes of the applicable law.

So the question we must answer is whether Bailey's 1989 sentence—as subsequently modified—was illegal under the law as it existed in 1989. He argues that it was illegal because in his KSGA computed sentence his prior convictions were counted as person crimes instead of nonperson crimes thus increasing his sentence. But Bailey ignores the fact that the court has never *imposed* a KSGA sentence for his crimes.

In 1989, person and nonperson designations were irrelevant. Defendants were not sentenced based on a formulaic calculation of the current crime and their priors. Instead, the sentencing judge selected the minimum and maximum terms of an indeterminate sentence and decided, *inter alia*, whether to imprison the felon or release him or her on probation. K.S.A. 21-4603(2) (Ensley 1988); K.S.A. 1986 Supp. 21-4603(2) (same). In other words, this is not a KSGA case and never has been. Bailey's actual sentence remains the sentence announced by the court in September 1993. Any argument

5

regarding his computed guidelines sentence has no impact on the actual sentence he has received and is purely an academic exercise in Bailey's case.

Moreover, Bailey does not claim that his 1989 sentence, which was modified based on his disparity argument in 1993, was illegal. And we find it was not. His sentence conformed to the statutory provisions and was lawfully imposed. Bailey received a life sentence for first-degree murder. The penalty at the time for first-degree murder, which was a Class A felony, was imprisonment for life. K.S.A. 21-4501(a) (Ensley 1988). The judge imposed sentences of 15 years to life for the aggravated robbery convictions. Aggravated robbery was a Class B felony. K.S.A. 21-3427 (Ensley 1988). The penalty for a Class B felony was an indeterminate term of imprisonment, the minimum of which ranged from not less than 5 years nor more than 15 years, and the maximum of which ranged from not less than 20 years nor more than life imprisonment. K.S.A. 21-4501(b) (Ensley 1988).

Finally, this is not the first time Bailey has argued that his computed sentence was wrong based on the classification of his prior convictions. See *Bailey*, 306 Kan. at 394 (noting that Bailey argued the district court incorrectly classified his pre-KSGA offenses as person felonies and miscalculated his criminal history score as a result). In affirming the district court's dismissal of his motion to correct an illegal sentence, the Supreme Court relied on *State v. Keel*, 302 Kan. 560, 581, 357 P.3d 251 (2015), in holding that "'a pre-KSGA conviction and/or adjudication must be classified as either a person or nonperson offense by comparing the criminal statute under which the prior offense arose to the comparable post-KSGA criminal statute.'" *Bailey*, 306 Kan. at 399.

The result is no different on this 6th motion than it was on the 5th. In calculating his computed guidelines sentence, his prior crimes are classified as person or nonperson felonies based on what they would have been after the KSGA was adopted. Since aggravated burglary was a level 3 person felony after the adoption of the KSGA, that is

6

how they were required to be counted in determining his criminal history score for his *computed* KSGA sentence. His computed guidelines sentence complies with the law.

We will conclude by noting that although K.S.A. 2021 Supp. 22-3504(a) allows a defendant to bring a motion to correct an illegal sentence at any time, the same claim cannot be asserted many times. See *State v. Collier*, 263 Kan. 629, Syl. ¶ 3, 952 P.2d 1326 (1998) ("under the law of the case doctrine, once an issue is decided by the court, it should not be relitigated or reconsidered unless it is clearly erroneous or would cause manifest injustice"). Bailey's sentence was legal as pronounced in 1993, and his computed KSGA sentence was legal as computed in 1999. That result will not change no matter how many times he says it is wrong.

Affirmed.