(647 P.2d 1349)

No. 53,317

STATE OF KANSAS, *Appellee,* v. OLIVER E. CHILCOTE, a/k/a/ BILL CHILCOTE, *Appellant.*

Petition for review denied September 24, 1982.

Opinion filed July 9, 1982.

*N. Trip Shawver,* of Wichita, for appellant.

*Cris Senseman,* assistant district attorney; *Clark V. Owens,* district attorney; and *Robert T. Stephan,* attorney general, for appellee.

Before MEYER, P.J., ABBOTT and SWINEHART, JJ.

MEYER, J.: This case involves an elaborate hoax perpetrated by means of a faked robbery of the Hudson Oil Company Station No. 7 at Wichita, Kansas. Criminal charges were brought against Oliver E. Chilcote (appellant) and others; trial was to the court sitting without a jury. Appellant appeals from his conviction and sentence for felony theft.

Appellant's first claim of error is that the trial judge assumed a prosecutorial role in the proceedings and thereby denied appellant a fair trial.

In *State v. Stoops,* 4 Kan. App. 2d 130, 132, 603 P.2d 221 (1979), this court stated:

"Standards of conduct for trial judges are set by the American Bar Association Standards for Criminal Justice. Although Kansas has no comparable code provisions, the ABA standard hereinafter set forth is in substantial conformity with Kansas practice and is a recognized and acceptable guide to proper conduct. ABA Standards for Criminal Justice, The Function of the Trial Judge § 6.4 (Approved Draft 1971), provides:

" 'The trial judge should be the exemplar of dignity and impartiality. He should exercise restraint over his conduct and utterances. He should suppress his personal predilections, and control his temper and emotions. He should not permit any person in the courtroom to embroil him in conflict, and he should otherwise avoid conduct on his part which tends to demean the proceedings or to undermine his authority in the courtroom. When it becomes necessary during the trial for him to comment upon the conduct of witnesses, spectators, counsel, or others, or upon the testimony, he should do so in a firm, dignified and restrained manner, avoiding repartee, limiting his comments and rulings to what is reasonably required for the orderly progress of the trial, and refraining from unnecessary disparagement of persons or issues.'

"Allegations of judicial misconduct during trial must be decided on the partic-

ular facts and circumstances surrounding such alleged misconduct; and in order to warrant or require the granting of a new trial it must affirmatively appear that the conduct was of such a nature that it prejudiced the substantial rights of the complaining party. *State v. Thomson,* 188 Kan. 171, 174, 360 P.2d 871 (1961)."

In *State v. Gilder,* 223 Kan. 220, 225-226, 574 P.2d 196 (1977), the Supreme Court stated:

"A defendant in a criminal case is entitled to a fair and impartial trial before a fair and unbiased judge. However, it is the duty of the trial judge to see that the trial is properly conducted and the truth is fully developed. (*State v. Jones,* 204 Kan. 719, 466 P.2d 283.) In order to meet this goal it is proper for the trial judge to take measures reasonable under the circumstances to develop the truth of the matter in issue. Such conduct is not prejudicial unless it would reasonably influence the minds of the jury against the defendant, denying him the right to a fair trial. (*State v. Norwood,* 217 Kan. 150, 535 P.2d 996; *State v. Bean,* 179 Kan. 373, 295 P.2d 600.)"

In his averments relative to this point, appellant goes so far as to contend that certain questions and comments of the trial judge indicated bias and were inquisitorial in nature.

From a review of the record, we conclude that by its questions, the trial court sought to verify the foundation for certain testimony and to clarify references to certain documents, or otherwise sought general clarification of testimony. Appellant's other complaints concern the rulings the court made on objections. We have found nothing to indicate that the trial court was prejudiced or biased, and from the record it does not appear that the judge usurped the duties of the prosecuting attorney. Appellant's first issue is wholly without merit.

Appellant next contends the trial court erred in allowing hearsay testimony to be admitted into evidence over objection.

"Evidence of a statement which is made other than by a witness while testifying at the hearing offered to prove the truth of the matter stated is hearsay evidence and inadmissible except . . . ." K.S.A. 60-460.

The trouble with this contention is that much of the evidence now complained about was admitted either to prove facts other than the truth of the matter stated, or was otherwise admissible as exceptions to the hearsay rule. This is particularly true in the case of the testimony regarding an audit of the Hudson Oil Company's accounts; this testimony was admissible under K.S.A. 60-460(*m*), the exception relating to records which are kept in the ordinary course of business. Certain questions involved Hudson Oil Company procedures, the answers to which disclosed that an

audit had shown $12,395.87 to be missing from the station. These matters were within the personal knowledge of the witness, and were therefore not hearsay. Other testimony complained of consisted of statements made during the hearing conducted by the court on appellant's motion to suppress certain evidence. Such evidence was admitted by the court in order to determine the admissibility of evidence seized pursuant to an out-of-state search warrant; this testimony, although hearsay, was properly admitted. See *Aguilar v. Texas,* 378 U.S. 108, 114, 12 L.Ed.2d 723, 84 S.Ct. 1509 (1964). Appellant's allegations of error in the admission of hearsay are without merit.

Appellant's third contention is that the court erred in overruling his motion to suppress. The evidence objected to was obtained on the basis of a Tennessee search warrant. The search warrant in question and the affidavit in support thereof were introduced at trial, but neither was included in the record on appeal. Because it is incumbent upon appellant to produce a record on appeal showing the merits of his cause, this contention is not subject to review. See *State v. Wilson & Wentworth,* 221 Kan. 359, 363, 559 P.2d 374 (1977).

However, because the record does disclose what the search warrant did, and did not, contain, we choose to address this issue. In *Spinelli v. United States,* 393 U.S. 410, 413, 21 L.Ed.2d 637, 89 S.Ct. 584 (1969), the United States Supreme Court held that in order for a search warrant to properly issue on the statements of an informant, the applicant for the warrant must show the informant is credible and the circumstances under which the informant obtained this information, so that the magistrate can make an independent determination of the validity of the information.

After reviewing the record, we must conclude that the warrant fails to properly set forth the underlying basis for the informant's assertion that appellant's car contained fruits of the crime. The warrant was therefore issued without a proper showing of probable cause. Thus, the trial court did in fact err in overruling appellant's motion to suppress. The question then arises whether this error mandates a reversal of his conviction.

K.S.A. 60-2105 states:

"The appellate court shall disregard all mere technical errors and irregularities which do not affirmatively appear to have prejudicially affected the substantial rights of the party complaining, where it appears upon the whole record that substantial justice has been done by the judgment or order of the trial court; and in

any case pending before it, the court shall render such final judgment as it deems that justice requires, or direct such judgment to be rendered by the court from which the appeal was taken, without regard to technical errors and irregularities in the proceedings of the trial court."

By its erroneous admission of illegally seized evidence over appellant's objection, the trial court committed an error of constitutional gravity.

In *State v. Hamilton,* 222 Kan. 341, Syl. ¶ 4, 564 P.2d 536 (1977), the Supreme Court stated:

"In applying the Kansas harmless error rule (K.S.A. 60-2105) to a federal constitutional error a court must be able to declare the error had little, if any, likelihood of having changed the result of the trial and the court must be able to declare such a belief beyond a reasonable doubt."

The only evidence presented as a result of the court's erroneous ruling was a statement that over $1,500 was found in the car. It appears that the critical evidence in this case was the testimony of Hammond, Lambert and Clyborne, to the effect that appellant was involved in the scheme to "rob" the station. The evidence that money was found in appellant's car added little to the case against him personally, because his wife admitted that it was she who had actually taken the money, and she also had access to the car. In our opinion, beyond any reasonable doubt, the erroneous admission of this evidence had little, if any, likelihood of changing the outcome of the trial; it thus constituted harmless error. See also *State v. Dodson,* 222 Kan. 519, 524, 565 P.2d 291 (1977), where the Supreme Court stated:

"We think it worthy of mention in connection with our application of the harmless error rule that this was a trial to the court rather than to a jury. Concerning application of the harmless error rule, Judge Gard (Gard, Kansas Code of Civil Procedure Annotated, Sec. 60-261) says:
" 'Where the trial is to the judge without a jury the rule is less difficult of application because of the collateral considerations which bear on the problem. For instance there is no presumption that the trial judge considered evidence improperly admitted. He is presumed to have considered only what was proper . . . .' (p. 280.)"

Appellant's final issue involves the sentence imposed upon him; his contention is that the penalty is excessive and not justified in law.

The fixing and prescribing of sentences for crimes is a legislative function. *State v. Freeman,* 223 Kan. 362, 369, 574 P.2d 950 (1978). Pursuant to this function, the Kansas legislature has enacted Article 46, chapter 21 of the Kansas Statutes Annotated.

## K.S.A. 21-4601 states:

"This article shall be liberally construed to the end that persons convicted of crime shall be dealt with in accordance with their individual characteristics, circumstances, needs, and potentialities as revealed by case studies; that dangerous offenders shall be correctively treated in custody for long terms as needed; and that other offenders shall be dealt with by probation, suspended sentence, or fine whenever such disposition appears practicable and not detrimental to the needs of public safety and the welfare of the offender, or shall be committed for at least a minimum term within the limits provided by law."

## K.S.A. 21-4603(2) provides:

"Whenever any person has been found guilty of a crime, the court may adjudge any of the following:

(a) Commit the defendant to the custody of the secretary of corrections or, if confinement is for a term less than one year, to jail for the term provided by law;

(b) impose the fine applicable to the offense;

(c) release the defendant on probation subject to such conditions as the court may deem appropriate, including orders requiring full or partial restitution;

(d) suspend the imposition of the sentence subject to such conditions as the court may deem appropriate, including orders requiring full or partial restitution; or

(e) impose any *appropriate* combination of (a), (b), (c) and (d)." (Emphasis added.)

Appellant's theory is that a trial court cannot order restitution in conjunction with incarceration; he argues that restitution may not be ordered unless the sentence is suspended under subsection (d), or unless probation is granted under subsection (c).

As noted above, sentences must be imposed within statutory authority. *State v. Freeman,* 223 Kan. at 369. The statutes, in turn, must be so construed as to give them their ordinary meaning, and the various provisions of a statute must be construed harmoniously if possible. *Watkins v. Roach Cadillac, Inc.,* 7 Kan. App. 2d 8, Syl. ¶¶ 1, 2, 637 P.2d 458 (1981), *rev. denied* 230 Kan. 819 (1982).

In the instant case, the judge combined K.S.A. 21-4603(2)(a) (imprisonment) with an order of restitution; restitution may only be ordered pursuant to subsection (c) of that statute, which provides for release on probation subject to restitution, or subsection (d) thereof, providing for the suspension of sentence subject to restitution. Thus, the trial court has combined all of subsection (a) with only the restitution portion of either subsection (c) or (d). Said statute, at subsection (e), gives the trial court

authority to "impose any *appropriate* combination of (*a*), (*b*), (*c*) and (*d*)." (Emphasis added.) Appellant points out that subsection (*e*) does not say "or any parts thereof," and contends that the trial court therefore lacks authority to combine only *parts* of various subsections. We conclude that appellant is correct in this contention. In applying 21-4603(2)(*e*), a trial court may only impose sentences which are *combinations of entire subsections.* The use of the word "appropriate" implies that the combination of penalties under the statute should be harmonious. Thus the trial court may not impose imprisonment, which mandates incarceration, with either probation or suspension of sentence, because to do so would be to decree mutually exclusive penalties. As we construe the statute, restitution may only be ordered in conjunction with probation or suspended sentence. It follows that incarceration coupled with restitution is not an "appropriate combination" under subsection (*e*).

The State argues that the trial court was merely anticipating the amendment of K.S.A. 22-3717 which allows the Kansas adult authority to order restitution as a condition of parole. K.S.A. 22-3717(*g*) states:

"Whenever the Kansas adult authority orders the parole of an inmate, the authority, unless it finds compelling circumstances which would render a plan of reparation or restitution unworkable, shall order as a condition of parole that the parolee make reparation or restitution to the aggrieved party for the damage or loss caused by the parolee's crime, in an amount and manner specified in the journal entry of the court that sentenced the inmate or, if not specified in the journal entry, in an amount and manner determined by the adult authority."

From this statute it is evident that the Kansas adult authority must order restitution as a condition of parole unless there are "compelling circumstances" to absolve the defendant from this requirement. It appears that under this statute the trial court may specify the amount of restitution, and also how it should be paid, for purposes of parole. *In the instant case, however, the sentence was imposed before this statute was in force.* Further, it appears the restitution was ordered as a part of the sentence, thus mandating restitution whether or not parole is granted to the defendant, rather than as guidance for the Kansas adult authority.

We hold that K.S.A. 21-4603(2) does not permit a court, in sentencing a convicted defendant, to order imprisonment *and* immediate restitution, although under that statute and 22-3717(*g*), the court may now order each as an alternative to the other.

Appellant lastly contends that his sentence, when compared to that imposed upon the other participants, was excessive. That parties guilty of identical crimes have often been given different sentences has been recognized and decried in Kansas. This court has remanded cases to the trial court for resentencing when it appeared from the record that there was a great disparity in sentencing codefendants for the commission of the same crime. See, *e.g., Cochrane v. State,* 4 Kan. App. 2d 721, 724-27, 610 P.2d 649 (1980). However, in order to make such a determination there must be a record to examine before the court. In *Cochrane,* this court had before it the transcript of the sentencing proceeding and the presentence report from the Kansas Reception and Diagnostic Center, as well as the evidence of a great disparity in sentencing between Cochrane and others involved in the crime. Indeed, some coparticipants were involved to a greater degree than Cochrane, and yet received much lighter sentences.

In the instant case, the record reveals that Lambert was offered some type of immunity for her testimony and that Clyborne was paying restitution. In his brief, appellant states that the others involved were placed on probation. The State presumes they were also ordered to pay restitution. Neither a transcript of the sentencing nor a presentence report is contained in the record on appeal. On the basis of this limited record before us, it is impossible to determine whether the judge abused his discretion. It is the appellant's duty to present a record on appeal; his failure to adequately do so precludes examination of this claim. See *State v. Wilson & Wentworth,* 221 Kan. at 363.

Appellant's conviction is affirmed, but restitution as ordered therein is vacated. Accordingly, we remand to the trial court with orders that it vacate that part of its sentence requiring appellant to make restitution, all according to the views of this court relative to K.S.A. 21-4603(2) expressed herein. Of course, should the trial court opt to resentence defendant under another option as permitted by this opinion, and within the time allowed for the revision of sentences, the court can cause appellant to appear before it for resentencing.

Of course, should appellant be granted parole at some future date, the Kansas Adult Authority may, and indeed must, order reparation or restitution be made by appellant unless it finds that

at such time there are compelling circumstances which would render such reparation or restitution unworkable.

Affirmed in part; vacated in part; and remanded.