(711 P.2d 1343)

No. 58,013

CARL D. TUCKER, *Appellant,* v. STATE OF KANSAS, *Appellee.*

Opinion filed January 16, 1986.

*Charles A. O'Hara,* of O'Hara, O'Hara & Tousley, of Wichita, for the appellant.

*Geary N. Gorup,* assistant district attorney, *Clark V. Owens,* district attorney, and *Robert T. Stephan,* attorney general, for the appellee.

Before MEYER, P.J., REES, J., and FRED S. JACKSON, District Judge, assigned.

JACKSON, J.: Appellant, Carl D. Tucker, appeals the denial of relief requested pursuant to K.S.A. 60-1507. On February 8, 1983, appellant was convicted of aggravated battery. On February 25, 1983, sentence was imposed by the trial court. The journal entry of judgment concerning the sentencing reads as follows:

"IT IS THE SENTENCE OF THIS COURT AND IT IS HEREBY CONSIDERED, ORDERED, ADJUDGED AND DECREED that the defendant is hereby committed to the custody of the Secretary of Corrections for imprisonment for a period of not less than three (3) nor more than ten (10) years on the charge of Aggravated Battery, contrary to K.S.A. 21-3414 and in accordance with K.S.A. 21-4501(c). Defendant shall pay the costs of this action, including witness fees and miscellaneous expenses, to the Clerk of this Court. The Court further finds that restitution in the amount of $294.56 is owing to Violet Waggoner, 1502 Haskell, Wichita, Kansas."

After his motion to grant probation was denied, Tucker ap-

pealed to this court raising two issues: (1) sufficiency of the evidence to support his conviction and (2) the constitutionality of K.S.A. 21-3414. While free on an appeal bond, Tucker paid the restitution of $294.56. His conviction was later affirmed in an unpublished opinion, *State v. Tucker*, No. 55,912, filed March 15, 1984. The factual statement in the opinion included the following:

"On February 25, 1983, the trial court denied defendant's motion for judgment of acquittal and/or new trial and sentenced defendant to three to ten years imprisonment. Defendant was also ordered to pay restitution of $294.56 to Violet."

Tucker's petition for review was subsequently denied.

Appellant filed a second motion for an order "granting probation from the confinement portion of the sentence" on May 24, 1984, apparently within 120 days after the district court received the mandate from this court. At the hearing on that motion, appellant's attorney questioned the propriety of sentencing Tucker to a term of imprisonment and ordering that he pay restitution. The motion to modify was denied by the trial court. Tucker's attorney filed a timely second notice of appeal apparently seeking review of the order denying modification. However, the appeal was never docketed and it was dismissed by the district court on February 1, 1985.

Meanwhile, Tucker filed the instant pro se motion pursuant to K.S.A. 60-1507 on December 3, 1984, in which he contends that he has been illegally sentenced to a term of imprisonment and ordered to pay restitution contrary to this court's ruling in *State v. Chilcote*, 7 Kan. App. 2d 685, 647 P.2d 1349, *rev. denied* 231 Kan. 801 (1982). Tucker further argues that since he has satisfied the order of the court by paying restitution, the court has no jurisdiction to order incarceration.

On February 1, 1985, appellant's 60-1507 motion was denied by the trial court without an evidentiary hearing. The district court ruled that Tucker had never been ordered to pay restitution and stated, "The voluntary payment of restitution by the Movant in the absence of a court order requiring such payment in his hope to obtain probation from this court does not forbid incarceration upon the sentence imposed in such case." From this ruling, Tucker appeals.

The State contends that this court should not address the merits of the movant's appeal, arguing that appellant abandoned

the issue by failing to raise it on direct appeal from his conviction and by failing to prosecute the appeal from his second motion to modify. Further, the State contends that the appellant has failed to demonstrate any exceptional circumstances which would excuse his failure to raise the issue on direct appeal.

K.S.A. 60-1507 provides in substance that a prisoner in custody who claims that his sentence was imposed in violation of the law may at any time move the court which imposed the sentence to vacate, set aside or correct the sentence. The statute also provides that the trial court is not required to entertain successive motions. Supreme Court Rule 183(c)(3) (235 Kan. cxviii) provides:

"[A] proceeding under section 60-1507 cannot ordinarily be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal. Mere trial errors are to be corrected by direct appeal, but trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal, provided there were exceptional circumstances excusing the failure to appeal."

Exceptional circumstances are most often found where there has been an intervening change in the law. *White v. State*, 222 Kan. 709, 712, 568 P.2d 112 (1977).

·Here, this court's decision in *State v. Chilcote*, 7 Kan. App. 2d 685, was handed down approximately eight months before the appellant was sentenced. Clearly, judicial economy would have been better served had appellant questioned his sentence on direct appeal. In any event, the contention that his sentence was contrary to the mandate of *Chilcote* is without merit.

In *State v. Chilcote*, this court held that K.S.A. 21-4603(2) prohibits a sentencing court from ordering that a felon be imprisoned and required to pay immediate restitution. The case was remanded with instructions that the sentencing court vacate its order that Chilcote make restitution since he had also been ordered to serve a term of imprisonment.

Subsequent to our decision in *Chilcote*, the legislature enacted K.S.A. 1984 Supp. 22-3717(j), which provides:

"Whenever the Kansas adult authority orders the parole of an inmate, the authority, unless it finds compelling circumstances which would render a plan of reparation or restitution unworkable, shall order as a condition of parole that the parolee make reparation or restitution to the aggrieved party for the damage or loss caused by the parolee's crime, *in an amount and manner specified in the journal entry of the court that sentenced the inmate,* or if not specified in the

journal entry, in an amount and manner determined by the adult authority." (Emphasis added.)

Appellant contends that the sentencing court's statement in the journal entry "the Court further finds that restitution in the amount of $294.56 is owing to Violet Waggoner, 1502 Haskell, Wichita, Kansas" cannot be construed as conforming to the statute above set out. However, the trial judge in ruling upon the K.S.A. 60-1507 motion interpreted the language in the journal entry to comply with the language of the statute. We are constrained to give great weight to the trial court's interpretation of its own judgment. A judgment capable of more than one interpretation should be given that which will make it valid rather than that which will make it invalid. *Sharp v. McColm*, 79 Kan. 772, 101 Pac. 659 (1909); see also *Allison v. Allison*, 188 Kan. 593, 363 P.2d 795 (1961).

It would have been preferable if the journal entry had clearly stated that the amount of restitution was being specified for parole or probation purposes pursuant to K.S.A. 1984 Supp. 22-3717(j). A common-sense reading of the language in question leads to the conclusion that appellant was not sentenced to imprisonment and ordered to pay immediate restitution. The sentencing judge ordered that the appellant be committed to the custody of the Secretary of Corrections for a specified term and that he pay the costs of the action. The sentencing judge merely *found* that restitution in the amount of $294.56 was owing.

In the factual statement of this court's opinion rendered on Tucker's direct appeal, it was stated that Tucker was imprisoned and ordered to pay restitution. However, this statement was not determinative of the issue at hand because an interpretation of the appellant's sentence was not one of the issues before this court at that time. The statement should not be considered as controlling in the former appeal or in this appeal. *State v. Six Slot Machines*, 166 Kan. 361, 365, 201 P.2d 1039 (1949); *State, ex rel., v. Stonehouse Drainage Dist.*, 152 Kan. 188, 102 P.2d 1017 (1940); and *Hartman v. Nordquist*, 8 Kan. App. 2d 213, 653 P.2d 1199 (1982).

The judgment of the district court is affirmed.