(858 P.2d 1219)

No. 67,482

State of Kansas, *Appellee*, v. Jay E. Tillman, *Appellant*.

Opinion filed March 19, 1993.

*Hazel Haupt*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Steven J. Obermeier*, assistant district attorney, *Paul J. Morrison*, district attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before Gernon, P.J., Elliott, J., and Richard W. Wahl, District Judge Retired, assigned.

Gernon, J.: Jay E. Tillman appeals from the sentence imposed following his plea of guilty to one count of robbery. Tillman also appeals the trial court's denial of his motion to modify his sentence.

Pursuant to a plea agreement, Tillman entered a plea of guilty to a reduced charge of simple robbery. Tillman was sentenced to 3 to 10 years, to run consecutively to two sentences previously imposed in Missouri. The judge sentenced Tillman to the custody of the Secretary of Corrections and made reference on the record to Tillman being evaluated at the State Reception and Diagnostic

Center (SRDC). The question of restitution was not discussed at the sentencing hearing, but, in the journal entry, the court ordered Tillman to pay $482.75 as restitution to a gas station which was robbed.

Tillman moved to modify his sentence. At the time of the modification hearing, the judge learned for the first time that Tillman had not been remanded to the custody of the Secretary of Corrections or referred to SRDC. The judge was informed at the modification hearing that, on the day of the sentencing, Missouri authorities were waiting at the Johnson County correctional facility to transport Tillman back to Missouri. Despite the judge's directive, Tillman was inexplicably given to the Missouri authorities. Given this fact, no SRDC report was available to the judge.

On appeal, Tillman raises two issues: (1) Did the trial court abuse its discretion in denying his motion to modify; and (2) was the trial court's order of restitution in error?

## RESTITUTION

The record reflects that the issue of restitution was not raised at the sentencing hearing or addressed in open court. Tillman argues that the order of restitution is invalid because he was not present at the time such restitution was ordered and because the court appears to have improperly ordered both incarceration and immediate restitution, contrary to *State v. Bowers,* 239 Kan. 417, 427, 721 P.2d 268 (1986).

The State concedes that the journal entry of sentencing incorrectly states that restitution in the amount of $482.75 was ordered by the court. The State's position is that the actual sentence is that which was pronounced in open court and the journal entry merely serves as a record of the proceedings. See K.S.A. 22-3424. "[T]he actual *sentencing* occurs when the defendant appears in open court and the judge orally states the terms of the sentence." *State v. Moses,* 227 Kan. 400, 402, 607 P.2d 477 (1980); see *State v. Royse,* 252 Kan. 394, Syl. ¶¶ 2, 3, 845 P.2d 44 (1993).

The next question is, what is the effect of such an order on a defendant's sentence? Is the sentence correctable, void, or voidable?

The State contends that the proper remedy is for this court to order the trial court to prepare a journal entry nunc pro tunc which simply provides Tillman's sentence of imprisonment as ordered by the court and makes no mention of restitution. We agree.

Tillman's argument that the journal entry appears to order immediate restitution in addition to incarceration is well taken. The court, in the journal entry, stated:

"IT IS FURTHER BY THE COURT ORDERED that the defendant is assessed the Court costs in this matter and restitution in the amount of $482.75 made payable to the Clerk of the District Court. The Clerk shall forward said restitution to Roy Phillips Amoco, 8940 W. 95th, Overland Park, Ks. 66212."

"A trial court may not sentence a defendant to imprisonment in an institution and also require the defendant to pay immediate restitution." *State v. Bowers,* 239 Kan. at 427.

The better practice certainly would be for the journal entry to clearly state that the amount of restitution was merely advisory and was to be used by the Kansas Parole Board in the event the Board orders parole. See *Tucker v. State,* 11 Kan. App. 2d 51, 54, 711 P.2d 1343, *rev. denied* 239 Kan. 695 (1986).

The court has the power to correct a record of its judgment so that it will mirror the truth. *State v. Igo,* 194 Kan. 550, 552, 400 P.2d 968 (1965). Here, the error may be corrected by filing a journal entry nunc pro tunc reflecting the court's actual sentence. If the court did not intend to order restitution, there is no need to remand for resentencing, but rather the court is empowered to file a correct journal entry.

Consistent with the rulings herein, we direct that the district court prepare a journal entry of sentencing nunc pro tunc which resolves any confusion regarding the restitution issue.

## MOTION TO MODIFY

K.S.A. 1989 Supp. 21-4603(3)(a) provides in relevant part: "[T]he court . . . shall modify such sentence if recommended by the state reception and diagnostic center unless the court finds that the safety of the public will be jeopardized and that the welfare of the inmate will not be served by such modification." Tillman argues that the court could not properly deny his motion

to modify without first obtaining an SRDC report because the report might have recommended a lesser sentence.

K.S.A. 75-5220(a) clearly contemplates that male offenders convicted of a felony in Kansas will be conveyed to SRDC for purposes of an evaluation.

"The primary function and purpose of the state reception and diagnostic center shall be to provide a thorough and scientific examination and study of all felony offenders of the male sex sentenced by the courts of this state to the custody of the secretary of corrections so that each such offender may be assigned to a state correctional institution having the type of security . . . and programs of education, employment, or treatment designed to accomplish a maximum of rehabilitation for such offender. *All such offenders shall be delivered to the center as provided in K.S.A. 75-5220 and amendments thereto, upon being sentenced by the court.*" (Emphasis added.) K.S.A. 75-5262.

We can find no exceptions in the statutes or the available case law to the rule that an SRDC report is required in every case. Nor is there anything in the record which indicates that Tillman waived such an evaluation. The record of the sentencing hearing reflects that Tillman fully expected to be evaluated. Indeed, the trial court indicated that Tillman would be "transported here to Topeka, what they call Kansas Reception and Diagnostic Center." Nevertheless, immediately after the hearing, within hours, Tillman was transported to Missouri and was never taken to SRDC for an evaluation.

We conclude that it was error for the district court to deny Tillman's motion to modify without an evaluation at SRDC pursuant to K.S.A. 75-5220 and K.S.A. 75-5262.

Tillman also argues that the district court was under no obligation to rule on the motion to modify at the time of the hearing. Tillman's trial counsel suggested, during the modification hearing, that the court could wait to rule on the motion until Tillman returned from Missouri and the appropriate report could be prepared. The court declined to wait, stating it did not believe it could retain jurisdiction over the case for the duration of Tillman's incarceration in Missouri.

Tillman cites *State ex rel. Owens v. Hodge,* 230 Kan. 804, 641 P.2d 399 (1982), where the question was presented as to whether a district court in Kansas loses jurisdiction to act upon a motion

for reduction of sentence at the expiration of the applicable 120-day period. The Kansas Supreme Court, in *Owens,* stated:

"[A] district court does not lose jurisdiction to act upon a motion for reduction of sentence or for probation at the expiration of the 120-day period after sentence was imposed, where a timely motion has been filed by defendant within that time period and where the district judge reasonably needs the time to consider and act upon the motion." 230 Kan. at 814.

Reliance upon *Owens* by Tillman is misplaced, in our view. Here, the reason for the delay is not a result of the court needing "time to consider" the motion. *Owens* was not intended to apply to a situation where a court potentially could wait for years to rule on a motion to modify because a defendant has not yet been evaluated by SRDC or is in custody in another state.

We note that K.S.A. 1989 Supp. 21-4608(8) states:

"When a defendant is sentenced in a state court and is also under sentence from a federal court or other state court or is subject to sentence in a federal court or other state court for an offense committed prior to the defendant's sentence in a Kansas state court, the court may direct that custody of the defendant may be relinquished to federal or other state authorities and that such state sentences as are imposed may run concurrently with any federal or other state sentence imposed."

Resolving the sentencing issue is troublesome. K.S.A. 75-5220(a) clearly mandates an evaluation and study of *all* felony offenders. Given the unusual fact situation here, we direct that Tillman's sentence be vacated and that the case be remanded to the district court. The district court, in our view, is in a dilemma and has two alternatives. First, the court, on remand, can secure the presence of Tillman in the state of Kansas so that the court's orders regarding evaluation at the Topeka Correctional Facility may be carried out or, if that cannot be accomplished, the court must consider running the sentence in Kansas concurrently with the sentence in Missouri pursuant to K.S.A. 1989 Supp. 21-4608(8). We recognize the logistical problems associated with our orders. However, under the statutes, we can reach no other conclusion.

The problem here was not created by the trial court or counsel, but by the release of Tillman to Missouri in direct contravention of the trial court's order.

Vacated and remanded for further proceedings.