(966 P.2d 688)

No. 78,586

STATE OF KANSAS, *Appellee*, v. SUSIEANNA D. COOPER, *Appellant*.

Opinion filed September 4, 1998.

*Ryan Kipling Elliot*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Doyle Baker*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before BRAZIL, C.J., ELLIOTT and MARQUARDT, JJ.

ELLIOTT, J.: Susieanna D. Cooper appeals the trial court's restitution order, which was filed 6 months after sentencing.

We reverse.

Cooper pled no contest to aggravated battery. At sentencing, the State requested restitution but did not provide a specific amount. The State offered to specify the amount within 30 days, and the trial court ordered Cooper to pay restitution and ordered the State to provide the documentation supporting restitution within 30 days.

Six months later, the State moved for restitution in the amount of $4,890.86. At the hearing on the motion, the State admitted that the Kansas Department of Social and Rehabilitation Services (SRS)

had provided a medical claim letter 3 days after sentencing and admitted it had taken no action on the letter for almost 6 months until SRS sent a letter to the Victim Witness Assistance Program. The trial court ordered Cooper to pay $2,500 in restitution as an additional condition of probation.

K.S.A. 21-4610(d)(1) allows a court to order restitution, but the court's order must specify the amount and manner of restitution, as well as name the recipient of the funds. Here, although the trial court ordered restitution, the amount and manner of restitution and the identity of the recipient were not included in the journal entry of sentencing.

Sentencing occurs when a defendant appears in open court and the judge orally pronounces the terms of the sentence. *State v. Tillman*, 18 Kan. App. 2d 556, 557, 858 P.2d 1219 (1993). A court has no jurisdiction to modify a sentence more than 120 days after imposition of the original sentence. *State v. Hooks*, 256 Kan. 869, 870, 888 P.2d 853 (1995). In the present case, the State's motion for restitution was filed beyond the 120-day jurisdictional window; the delay was caused solely by the State's failure to act on the SRS letter it had received 3 days after sentencing.

While we are not holding that a motion to modify sentence is the same as a motion for restitution, under the facts of this case, the State's motion for restitution did affect Cooper's sentence since the trial court ordered Cooper's probation to be extended until the amount was paid. The trial court's action allowed for a probation extension that could have conceivably exceeded the statutory sentencing range. This court may correct an illegal sentence at any time. K.S.A. 22-3504(1). An illegal sentence is one which is imposed by a court without jurisdiction or one which does not conform to statutory provisions. *State v. Duke*, 263 Kan. 193, 194, 946 P.2d 1375 (1997).

Under the facts of this case, Cooper's sentence became an illegal one when the trial court entered the restitution order 6 months after sentencing and 5 months after the deadline given the State to provide a restitution amount.

Reversed.