No. 88,930

WILLIAM PUCKETT, *Appellee/Cross-appellant,* v.
LOUIS E. BRUCE, *et al., Appellants/Cross-appellees.*
(73 P.3d 736)

Opinion filed July 11, 2003.

*Jon D. Graves,* special assistant attorney general, of the Kansas Department of Corrections, argued the cause and was on the briefs for appellants/cross-appellees.

*Michael Peloquin,* of the Law Office of Michael Peloquin, Chtd., argued the cause and was on the brief for appellee/cross-appellant.

The opinion of the court was delivered by

DAVIS, J.: William Puckett, an inmate within the custody of the Kansas Department of Corrections (DOC), filed this K.S.A. 2002 Supp. 60-1501 habeas corpus action alleging that the DOC could not collect restitution from his inmate account while he was in custody. The district court held that the DOC could collect restitution from Puckett's inmate account with the exception of $10 per month. The DOC appealed, and Puckett cross-appealed. We transferred the case from the Court of Appeals pursuant to K.S.A. 20-3018(c).

On January 22, 2001, Puckett escaped from the Stockton Correctional Facility, was captured, and pled guilty to one count of aggravated escape from custody in violation of K.S.A. 2002 Supp. 21-3810. In a downward departure sentence, Puckett was ordered to serve 21 months in DOC custody, with 24 months of postrelease supervision. The sentencing court also ordered Puckett to pay court costs of $146 and restitution of $5,724.40 to the DOC.

Puckett filed this habeas corpus proceeding seeking to prevent collection of restitution while incarcerated. The district court held that the DOC could collect restitution while Puckett was incarcerated but further ordered that Puckett "shall be allowed to retain $10 per month of monies earned in his inmate account and that all other such monies are subject to seizure by the State of Kansas to satisfy the administrative restitution award and the criminal restitution order." The DOC appealed, contending that the district court had no authority to exempt $10 per month; Puckett cross-appealed, challenging the district court's authority to collect any restitution during his incarceration.

Puckett escaped from custody on January 22, 2001, and was sentenced under K.S.A. 2002 Supp. 21-4603d, which provides for the authorized dispositions for crimes committed on or after July 1, 1993. While 21-4603d has been amended since the date of Puckett's crime, the substance of the subsection which we deal with was not changed. The question of whether repayment may be ordered and collected from a criminal defendant while that defendant is incarcerated depends upon an interpretation of K.S.A. 2002 Supp.

21-4603d. Interpretation of a statute is a question of law, and the appellate court's review is unlimited. *State v. Engles*, 270 Kan. 530, 532-33, 17 P.3d 355 (2001).

A fundamental rule of statutory construction to which all other rules are subordinate is that the intent of the legislature governs if that intent can be ascertained. The legislature is presumed to have expressed its intent through the language of the statutory scheme it enacted. When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. Stated another way, when a statute is plain and unambiguous, the appellate courts will not speculate as to the legislative intent behind it and will not read such a statute so as to add something not readily found in it. *State ex rel. Stovall v. Meneley,* 271 Kan. 355, 378, 22 P.3d 124 (2001).

The plain and unambiguous provisions of K.S.A. 2002 Supp. 21-4603d(a)(1), (8), and (11) control in this case. These provisions permitted Puckett to be incarcerated for his crime and also to be required to repay any costs and expenses incurred by any law enforcement agency in his apprehension. See K.S.A. 2002 Supp. 21-4603d(a)(11). The following provisions of K.S.A. 2002 Supp. 21-4603d govern:

"(a) Whenever any person has been found guilty of a crime, the court may adjudge any of the following:

"(1) Commit the defendant to the custody of the secretary of corrections if the current crime of conviction is a felony and the sentence presumes imprisonment, or the sentence imposed is a dispositional departure to imprisonment; or, if confinement is for a misdemeanor, to jail for the term provided by law;

. . . .

"(8) order the defendant to repay . . . the amount of any costs and expenses incurred by any law enforcement agency in the apprehension of the defendant, if one of the current crimes of conviction of the defendant includes escape, as defined in K.S.A. 21-3809 and amendments thereto *or aggravated escape, as defined in K.S.A. 21-3810 and amendments thereto* . . . .

. . . .

"(11) impose any appropriate combination of (*1*), (2), (3), (4), (5), (6), (7), (8), (9), and (10) . . . ." (Emphasis added.)

Puckett was sentenced for aggravated escape from custody and given a downward departure sentence of incarceration pursuant to

K.S.A. 2002 Supp. 21-4603d(a)(1). In addition, he was ordered to repay the DOC $5,724.40 representing the costs and expenses incurred in his apprehension pursuant to K.S.A. 2002 Supp. 21-4603d(a)(8). The plain and unambiguous statutory language permitted the sentencing court to combine incarceration and repayment of the costs and expenses incurred in his apprehension pursuant to K.S.A. 2002 Supp. 21-4603d(a)(11).

The arguments advanced by Puckett are based upon K.S.A. 2002 Supp. 21-4603, relating to authorized dispositions for crimes committed prior to July 1, 1993. Under the provisions of 21-4603, a defendant may not be ordered to pay restitution and sentenced to incarceration at the same time. See K.S.A. 2002 Supp. 21-4603(b); *State v. DeHerrera*, 251 Kan. 143, Syl. ¶ 5, 834 P.2d 918 (1992); *State v. Chilcote*, 7 Kan. App. 2d 685, 647 P.2d 1349, *rev. denied* 231 Kan. 801 (1982). Puckett committed his aggravated escape from custody on January 22, 2001, and was, therefore, sentenced under K.S.A. 2002 Supp. 21-4603d. Puckett's arguments and authority cited under K.S.A. 2002 Supp. 21-4603 have no application to this case.

The DOC appealed from that part of the district court's order which directed that Puckett be allowed to retain $10 per month of his inmate account. The order of the district court does not specify its reason for allowing retention of the $10 per month to the inmate.

The repayment ordered in this case falls under the provisions of K.S.A. 2002 Supp. 21-4603d(a) which grants the sentencing court discretion to order, among other payments, repayment of the amount of any costs and expenses incurred by any law enforcement agency in the apprehension of a defendant. All such payments under this subsection, including the repayment of the amount of any reward paid by any Crimestoppers' chapter, repayment of any public funds utilized by a law enforcement agency to purchase controlled substances from a defendant during the investigation, payment of an administrative fee authorized by K.S.A. 2002 Supp. 22-4529, and payment of a domestic violence special program fee authorized by K.S.A. 2002 Supp. 20-369, are discretionary with the sentencing court. Thus, the amount ordered paid by the district

court and the terms of repayment are subject to the control of the district court, subject only to review for abuse of discretion. See *State v. Hunziker*, 274 Kan. 655, Syl. ¶ 2, 56 P.3d 202 (2002).

The DOC argues that the provisions of K.S.A. 2002 Supp. 21-4603d(b) authorized the collection of the sentencing court's order for restitution to be achieved the same as any civil judgment. It must be noted that payment of restitution under the provisions of (b)(1) is not subject to the discretion of the district court in that K.S.A. 2002 Supp. 21-4603d(b) provides:

"(1) In addition to or in lieu of any of the above, the court *shall* order the defendant to pay restitution, which shall include, but not be limited to, damage or loss caused by the defendant's crime, unless the court finds compelling circumstances which would render a plan of restitution unworkable. If the court finds a plan of restitution unworkable, the court shall state on the record in detail the reasons therefor.

"(2) If the court orders restitution, the restitution shall be a judgment against the defendant which may be collected by the court by garnishment or other execution as on judgments in civil cases. If, after 60 days from the date restitution is ordered by the court, a defendant is found to be in noncompliance with the plan established by the court for payment of restitution, and the victim to whom restitution is ordered paid has not initiated proceedings in accordance with K.S.A. 2002 Supp. 60-4301 *et seq.* and amendments thereto, the court shall assign an agent procured by the attorney general pursuant to K.S.A. 75-719 and amendments thereto to collect the restitution on behalf of the victim. The administrative judge of each judicial district may assign such cases to an appropriate division of the court for the conduct of civil collection proceedings."

The DOC's argument against the withholding of $10 a month from collection is based upon the mandatory nature of restitution rather than upon the discretionary nature of the order issued by the court under K.S.A. 2002 Supp. 21-4603d(a)(8). If the district court is vested with discretion regarding any repayment, the court is certainly vested with discretion to determine whether a certain amount shall be withheld from collection. Thus, we conclude that the district court in this case was within its discretion to exclude $10 per month from the collection of that order.

The DOC further argues that Puckett has not argued that the DOC abused its discretion by permitting the total seizure of Puckett's inmate account. The abuse of discretion standard referred to by the DOC is not applicable to the DOC; rather, it is the standard

applied to the ruling of the district court. Application of that standard to the order of the district court poses the question of whether all reasonable persons would disagree with the order withholding $10 from collection; *i.e.*, whether no reasonable person would take the action adopted by the district court. See *State v. Lopez*, 271 Kan. 119, 125, 22 P.3d 1040 (2001). We conclude that the order entered in this case was within the discretion of the district court and that the DOC has not demonstrated an abuse of that discretion.

Finally, Puckett's contention that he is being required to pay for the costs of his apprehension twice is answered in the final order of the district court, wherein the court specifically held that Puckett would "not be subjected to payment of the same debt twice."

Affirmed.

ABBOTT, J., not participating.

BRAZIL, S.J., assigned.