(78 P.3d 825)
No. 89,699

STATE OF KANSAS, *Appellee*, v. WAYMAN C. ROBARDS, *Appellant*.

Opinion filed November 7, 2003.

*Patrick H. Dunn*, assistant appellate defender, for the appellant.

*Frank E. Kohl*, county attorney, and *Phill Kline*, attorney general, for the appellee.

Before PIERRON, P.J., MALONE and GREENE, JJ.

PIERRON, J.: Wayman C. Robards appeals the district court's adverse decision on his motion to void restitution. The district court held: "[T]he defendant is on parole and the restitution order became part of parole plan. The Court has no jurisdiction over the matter."

Whether jurisdiction exists is a question of law over which this court's scope of review is unlimited. *State v. Stough*, 273 Kan. 113, 116, 41 P.3d 281 (2002).

In 1985, Robards pled guilty to aggravated battery. The journal entry of sentencing, dated February 13, 1985, states with regard to restitution: "IT IS FURTHER CONSIDERED, ORDERED, ADJUDGED AND DECREED that the Defendant shall make restitution in the amount of Eighteen Thousand Dollars ($18,000.00) to be paid through the Leavenworth Court Services Office, as a condition of early release or parole pursuant to the provisions of K.S.A. 22-3717(j)." A report from the Reception and Diagnostic Center of the Kansas Department of Corrections was filed on May 8, 1985. There was no action in this case until November 14, 2000, when Robards filed an unrelated motion to correct sentence and then July 31, 2001, when he filed the current motion to void restitution.

Robards argues the district court erred in finding it had no jurisdiction to consider the matter. He argues the sentencing court entered an order on February 13, 1985, requiring him to pay $18,000 in restitution. He states it is undisputed that the State has not taken any action concerning the restitution order since its imposition in 1985. Therefore, Robards claims the order is dormant and became extinguishable and unenforceable on February 13, 1997.

The State responds that the district court correctly held it had no jurisdiction over the matter because the authority to order or excuse restitution passed to the Kansas Parole Board as a condition of Robards' early release or parole pursuant to the provisions of K.S.A. 1984 Supp. 22-3717(j).

K.S.A. 2002 Supp. 60-2403(d) provides that a renewal affidavit must be filed or an execution must be issued within 10 years of a restitution order, otherwise the order will become dormant. If dormant for 2 years, then the order shall be released.

The State cites the language in K.S.A. 1984 Supp. 22-3717(j) in effect in 1985 which is now for the most part found in K.S.A. 2002 Supp. 22-3717(n):

"If the court which sentenced an inmate specified at the time of sentencing the amount and the recipient of any restitution ordered as a condition of parole or postrelease supervision, the Kansas parole board shall order as a condition of parole or postrelease supervision that the inmate pay restitution in the amount and manner provided in the journal entry unless the board finds compelling circumstances which would render a plan of restitution unworkable."

In *State v. Morrison*, 28 Kan. App. 2d 249, 14 P.3d 1189 (2000), the court addressed the issue as one of first impression and found a dormant restitution order was unenforceable. Morrison was convicted in 1985, and the court ordered him to pay $63,737 in restitution as a condition of early release or parole. Morrison received parole in 1986 and was placed on probation for 5 years with the condition that he pay the restitution. In 1987, the district court entered a restitution order for $63,737 and provided a payment schedule.

Morrison made several restitution payments and then in 1999 he requested release of the restitution order since the State had

not filed a revivor of judgment and the restitution order had been dormant for more than 2 years. The district court granted the release, but then set its decision aside because Morrison had made regular monthly restitution payments as ordered by the court.

The *Morrison* court discussed the 1995 amendments to K.S.A. 60-2403(d) and K.S.A. 21-4603d(a) which converted all criminal restitution orders into civil judgments. The court explained the impetus of the amendments as making restitutions orders more meaningful, enforceable, and collectable, but at the same time, setting outer boundaries for collecting restitution orders by making them subject to dormancy and release. 28 Kan. App. 2d at 251-53. The *Morrison* court held:

> "Under K.S.A. 1999 Supp. 60-2403(d), if a renewal affidavit is not filed or if execution is not issued within 10 years from the date of the entry of any judgment of restitution in any court of record in this state, the judgment, including costs and fees therein, shall become dormant." 28 Kan. App. 2d 241 Syl. ¶ 1.

The *Morrison* court reversed the district court's decision on the motion to set aside and found the court's initial ruling was correct. The court found the restitution order was entered in 1987, became dormant in 1999, remained dormant for more than 2 years, and had to be released. 28 Kan. App. 2d at 250, 254-55.

The critical distinguishing factor in *Morrison* is that the defendant was paroled and placed on probation for 5 years and the district court entered an actual restitution order 2 years after sentencing. Here, a virtually identical sentencing event occurred, but at the time of oral argument there was no evidence in the record of when Robards was paroled. Unlike *Morrison* where the court ordered the defendant to pay restitution while on probation and detailed a specific restitution payment schedule, the only evidence in the record of post-incarceration events is the district court's journal entry stating that Robards was on parole and the restitution order became part of the parole plan. Following oral argument, Robards submitted a certificate of conditional release indicating he was released on October 21, 1994

The *Morrison* court found the district court properly computed the 10-year period from the date the restitution order was entered,

not the date Morrison was sentenced, and ordered him to pay restitution as a condition of early release or parole. Here, if Robards was given conditional release on October 21, 1994, the 10-year time period for the state to file a renewal affidavit has not even passed. K.S.A. 2002 Supp. 60-2403(d).

It would be improper to begin the calculation of any dormancy period using the date a defendant is incarcerated even though the court computes the amount of restitution in the event a defendant receives early release or parole. A trial court may not sentence a defendant to imprisonment and also require the defendant to pay restitution. Restitution may only be ordered in conjunction with probation or a suspended sentence. See K.S.A. 2002 Supp. 21-4603(b); *cf.* K.S.A. 2002 Supp. 21-4603d(a)(8); *Puckett v. Bruce,* 276 Kan. 59, 61, 73 P.3d 736 (2003) (The law is well settled that court costs are not restitution and may be imposed along with incarceration.); *State v. DeHerrera,* 251 Kan. 143, Syl. ¶ 5, 834 P.2d 918 (1992); *State v. Chilcote,* 7 Kan. App. 2d 685, 691-92, 647 P.2d 1349, *rev. denied* 231 Kan. 801 (1982).

The ruling that the district court did not have jurisdiction may not have been technically correct. However, Robards' request to void the restitution is clearly without merit based on the evidence provided that he was not given conditional release until October 21, 1994. We affirm the court's rejection of the motion to void the restitution order. See *Drake v. Kansas Dept. of Revenue,* 272 Kan. 231, 239, 32 P.3d 705 (2001) (reason given by trial court for its ruling is immaterial if result is correct for any reason).

Affirmed.