No. 90,964

STATE OF KANSAS, *Appellee,* v. MICHAEL JAMES POST, *Appellant.*
112 P.3d 116

Opinion filed June 3, 2005.

*Heather R. Cessna,* assistant appellate defender, argued the cause and was on the briefs for appellant.

*Daryl E. Hawkins,* assistant county attorney, argued the cause, and *Phill Kline,* attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

LOCKETT, J.: Michael James Post seeks review of the Court of Appeals decision in *State v. Post,* 32 Kan. App. 2d 1222, 96 P.3d 662 (2004), affirming the district court's sentencing order that denied him visitation with his girlfriend, the mother of Post's sexual abuse victim, during his incarceration. Post asserts that the sentencing statute, K.S.A. 2004 Supp. 21-4603d(a), does not authorize a district court to include a no-contact order as a condition of incarceration.

Post committed fellatio on C.M.'s 10-year-old son, T.M. T.M.'s 9-year-old brother, C.R., observed Post and told his older sister what Post had done. Post was charged with aggravated criminal sodomy and released on bond with the condition that he have no contact with the victim or any witness.

While Post was out on bond, C.R. reported that Post was living with him, his mother, C.M., and his brother, T.M., in violation of

his bond conditions. As a result, the district court temporarily revoked Post's bond.

Post ultimately entered into a plea agreement with the State. Post pled guilty to one count of aggravated indecent liberties with a child and entered an *Alford* plea to one count of attempted aggravated solicitation of a child and felony obstruction of official duty. Post requested to be placed on bond until his sentencing hearing. His request was denied. Post then filed a motion requesting visitation with C.M. while he was in the county jail awaiting sentencing. The district court granted Post's motion.

On November 14, 2001, the district court sentenced Post to a controlling sentence of 73 months' imprisonment, ordering the standard sentence for each of the three counts to run consecutively. In addition, the court entered a no-contact order, stating:

"You'll have no contact whatsoever—and I'm reinforcing this order in the light of what I had previously ordered in this case, no contact whatsoever with [C.M., T.M., and C.R.]. I'm severing the codependency problem. You may have contact with them at some other time in life, but right now they're not going to visit you. Period.

"No contact with any children under the age of 18 years of age."

Post did not appeal his sentence. However, on February 7, 2003, Post filed a motion requesting that C.M. be allowed to visit him in prison. At a hearing on Post's motion, the State objected and informed the district court that C.M. had been taking her children, T.M. and C.R., to visit Post in prison. Concerned that C.M. would deliver messages from Post to T.M. and C.R., the district court denied Post's motion.

Post appealed. Post argued that his sentence was illegal because the district court had no statutory authority to impose the no-contact order as a condition to his sentence of imprisonment. The Court of Appeals affirmed the district court's denial of his motion for visitation in *Post*, 32 Kan. App. 2d at 1227-29. We granted Post's petition for review.

An illegal sentence is a sentence imposed by a court without jurisdiction, a sentence that does not conform to the statutory provisions either in the character or the term of the punishment authorized, or a sentence that is ambiguous with respect to the time

and manner in which it is to be served. *State v. Harper*, 275 Kan. 888, 890, 69 P.3d 1105 (2003). Because Post argues that his sentence does not conform to the statutory provision, we must interpret K.S.A. 2004 Supp. 21-4603d(a). Interpreting a statute is a question of law, and we apply an unlimited standard of review. *Puckett v. Bruce*, 276 Kan. 59, 61, 73 P.3d 736 (2003).

K.S.A. 2004 Supp. 21-4603d(a) establishes the authorized dispositions for any person who has been found guilty of a crime committed on or after July 1, 1993. The pertinent sections authorize the district court to adjudge any of the following dispositions:

"(1) Commit the defendant to the custody of the secretary of corrections if the current crime of conviction is a felony and the sentence presumes imprisonment, or the sentence imposed is a dispositional departure to imprisonment; or, if confinement is for a misdemeanor, to jail for the term provided by law;

. . . .

"(3) release the defendant on probation if the current crime of conviction and criminal history fall within a presumptive nonprison category or through a departure for substantial and compelling reasons *subject to such conditions as the court may deem appropriate* . . . ;

"(4) assign the defendant to a community correctional services program as provided in K.S.A. 75-5291, and amendments thereto, or through a departure for substantial and compelling reasons *subject to such conditions as the court may deem appropriate*, including orders requiring full or partial restitution;

. . . .

"(11) impose any appropriate combination of (1), (2), (3), (4), (5), (6), (7), (8), (9) and (10)." (Emphasis added.)

A fundamental rule of statutory construction to which all other rules are subordinate is that the intent of the legislature governs if that intent can be ascertained. The legislature is presumed to have expressed its intent through the language of the statutory scheme it enacted. When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed rather than determine what the law should or should not be. Stated another way, when a statute is plain and unambiguous, the appellate courts will not speculate as to the legislative intent behind it and will not read such a statute so as to add something not readily found in it. *Puckett*, 276 Kan. at 61.

We are required to construe criminal statutes strictly in favor of a defendant. If there is any reasonable doubt about the meaning of the statute, we must decide it in favor of the person subjected to the criminal statute. However, we must subordinate the rule of strict construction to the rule requiring judicial interpretation to be reasonable and sensible to effect the legislative intent. *State v. Huff*, 277 Kan. 195, 203, 83 P.3d 206 (2004).

Here, the Court of Appeals interpreted 21-4603d(a)(11) to authorize a combination of the prior ten subsections without limiting the combinations to entire subsections. *Post*, 32 Kan. App. 2d at 1227. In reaching this decision, the Court of Appeals relied on K.S.A. 21-4601, which requires courts to liberally construe the sentencing guidelines so that persons convicted of a crime are dealt with in accordance with their " 'individual characteristics, circumstances, needs, and potentialities.' " 32 Kan. App. 2d at 1226. Highlighting the special circumstances that motivated the district court's no-contact condition, the Court of Appeals limited its holding to the facts in this case. 32 Kan. App. 2d at 1227.

Rather than follow its own precedent on this issue as stated in *State v. Chilcote*, 7 Kan. App. 2d 685, 647 P.2d 1349, *rev. denied* 231 Kan. 801 (1982), the Court of Appeals distinguished the case on the ground that K.S.A. 21-4603 (Ensley 1981), the statute at issue in *Chilcote*, only applied to crimes that were committed prior to July 1, 1993. See *Post*, 32 Kan. App. 2d at 1229. We disagree with the Court of Appeals and find *Chilcote* to be on point.

In *Chilcote*, the defendant raised a direct appeal, claiming that his sentence was invalid because the district court did not have authority to sentence him to both imprisonment and restitution. The *Chilcote* court interpreted K.S.A. 21-4603(2) (Ensley 1981), the predecessor to K.S.A. 2004 Supp. 21-4603d(a). K.S.A. 21-4603(2) (Ensley 1981) established a list of authorized dispositions for any person found guilty of a crime and therein specifically allowed the court to "impose any appropriate combination" of the listed subsections. K.S.A. 21-4603(2)(e) (Ensley 1981). The district court sentenced Chilcote to a combination of K.S.A. 21-4603(2)(a) and (c) (Ensley 1981), which authorized the court to:

"(a) [c]ommit the defendant to the custody of the secretary of corrections . . . ;

. . . .

"(c) release the defendant on probation subject to such conditions as the court may deem appropriate, including orders requiring full or partial restitution."

The *Chilcote* court interpreted the phrase "any appropriate combination" to include only combinations of entire subsections because the language did not include the phrase "or any parts thereof." 7 Kan. App. 2d at 689-90. Noting that Chilcote's sentence combined subsections that required the imposition of both incarceration and probation, which are mutually exclusive, the *Chilcote* court concluded that "the word 'appropriate' implies that the combination of penalties under the statute should be harmonious." 7 Kan. App. 2d at 690. Accordingly, the *Chilcote* court vacated the sentence's order for restitution. 7 Kan. App. 2d at 691.

We approved *Chilcote* in *State v. McNaught*, 238 Kan. 567, 713 P.2d 457 (1986), where we considered whether the district court could sentence the defendant to jail and impose other conditions, including restitution, alcohol treatment, and revocation of defendant's drivers license, until the restitution was paid and the alcohol treatment program completed. Relying on the *Chilcote* analysis, we found that the district court erroneously had sentenced the defendant by ordering imprisonment and imposing other conditions, and we vacated the conditions imposed on McNaught's jail sentence. 238 Kan. at 589.

When K.S.A. 21-4603d(a) was first enacted in 1992, the legislature limited the sentencing combinations, stating that the court could "impose any appropriate combination of (1) [imprisonment] and (2) [fine] or (2), (3), (4), (5), (6), and (7)." L. 1992, ch. 239, sec. 238(a)(8). This language clearly established the legislature's intent that the court could only combine a sentence of imprisonment with a fine. However, in addition to including restitution as a separate sentencing option, the 1994 amendments to K.S.A. 21-4603d(a) authorized the court to "impose any appropriate combination of (1) [imprisonment], (2), (3), (4), (5), (6), (7), (8), and (9)." See L. 1994, ch. 348, sec. 10(a)(10). By using the phrase "impose any appropriate combination" and listing all of the possible sub-

sections, the legislature has realigned the current statutory language with that originally found in K.S.A. 21-4603(2)(e) (Ensley 1981). See K.S.A. 2004 Supp. 21-4603d(a)(11).

Contrary to the Court of Appeals decision, *Chilcote* is not distinguishable because it interpreted the predecessor to the statute at issue in this case. As noted in the Court of Appeals' decision, the legislature was aware of *Chilcote* when it amended 21-4603d(a) in 1994 to include restitution as a separate option for sentencing a defendant to prison. See L. 1994, ch. 348, sec. 10(a)(9). The 1994 amendments to K.S.A. 21-4603d(a) indicate the legislature's acceptance of the *McNaught* and *Chilcote* court's analyses.

Furthermore, if the legislature had disagreed with the *McNaught* and *Chilcote* interpretation, it could have rewritten 21-4603d(a) authorizing the court to "impose any appropriate combination of the prior subsections or any part thereof." The legislature, however, chose to enact the same language in the current statute, thereby expressing its intent that *McNaught* and *Chilcote* remain controlling law.

The language of the statute is plain and unambiguous. This court must give effect to the intention of the legislature as clearly expressed. *Puckett*, 276 Kan. at 61. The court may only impose conditions when the defendant is sentenced to probation or community corrections. K.S.A. 2004 Supp. 21-4603d(a)(3) and (4). The district court does not have statutory authority to combine K.S.A. 2004 Supp. 21-4603d(a)(1) with portions of K.S.A. 2004 Supp. 21-4603d(a)(3) or (4). See *McNaught*, 238 Kan. at 589; *Chilcote*, 7 Kan. App. 2d at 691. Consequently, the no-contact order imposed on Post does not conform to the statutory provision and is an illegal sentence.

To remedy the illegal sentence, Post requested that we vacate the condition placed on his incarceration and remand the matter to the district court for resentencing. We decline to follow Post's resentencing suggestion. The illegal no-contact condition of Post's sentence is vacated; the remaining portions of Post's sentence are valid and remain in force.

Judgment of the Court of Appeals is reversed; judgment of the district court is reversed.

LOCKETT, J., Retired, assigned.