NOT DESIGNATED FOR PUBLICATION

Nos. 120,452
120,453

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DOMINIC JOSEPH WILLIAMSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed July 26, 2019. Affirmed in part and dismissed in part.

Submitted for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Dominic Williamson appeals the sentence he received after pleading guilty to aggravated battery, theft, and fleeing or eluding a police officer. Williamson objects to the district court's order that he begin paying his restitution while serving his prison sentence. But Williamson recognizes that the district court may order both restitution and the terms of its repayment, and we find that there was no abuse of discretion in ordering Williamson to begin paying restitution while in prison.

This appeal involves two cases that we have consolidated for appeal. In 2018, Williamson pleaded guilty to one count of aggravated battery and one count of theft in case No. 18CR1113 and guilty to one count of fleeing or attempting to elude a police officer in case No. 18CR1751. Based on Williamson's criminal-history score of A, the

most serious criminal-history score, the district court sentenced Williamson to 34 months in prison for aggravated battery and 12 months in jail for theft, which Williamson would serve concurrently. The court sentenced Williamson to 17 months in prison for fleeing and eluding, to be served consecutively to the 34-month sentence in the other case. As part of Williamson's plea agreement, he "agre[ed] to pay restitution in an amount to be determined prior to sentencing or by hearing to the Court."

The district court ordered Williamson to pay $18,856.71 in restitution and set collection to begin during Williamson's prison sentence. Although Williamson didn't object to the amount of restitution the court ordered, he did object to the order that restitution be collected while in prison because "whenever you're making [$]2.25 a day, there's really no incentive . . . to work during incarceration."

The district court responded that restitution "helps you[] make yourself right with the victim [and] you can go ahead and build some work ethic and also, start paying a little bit on restitution so you don't owe as much when you get out."

Williamson appealed to this court, arguing that the district court erred by ordering collection of restitution while he's in prison because the money he will earn there won't cover the amount of restitution ordered. He says the court should have ordered collection of restitution only after he finishes serving his sentence.

But the amount of restitution that a defendant is ordered to pay and the terms of repayment fall within the discretion of the district court, so we will only review the restitution order for an abuse of discretion. *Puckett v. Bruce*, 276 Kan. 59, 63, 73 P.3d 736 (2003). And the Kansas Supreme Court has determined that the sentencing court has the discretionary authority to order a convicted person to pay restitution while serving the prison sentence. *State v. Alderson*, 299 Kan. 148, Syl. ¶ 1, 322 P.3d 364 (2014). So the question before us is whether the district court abused its discretion by making that order

2

in Williamson's case. A court abuses its discretion if its decision is based on factual or legal error or no reasonable person would agree with it. *State v. Schaal*, 305 Kan. 445, 449, 383 P.3d 1284 (2016); *State v. Brown*, 51 Kan. App. 2d 876, 879-80, 357 P.3d 296 (2015).

Williamson doesn't suggest that the district court's decision was based on either an error of fact or law. In our view, a reasonable person could agree with the district court's explanation that Williamson should start paying restitution while in prison to reduce the amount he owes at the end of his prison sentence. Williamson has not shown that the district court abused its discretion in ordering Williamson to begin paying restitution while incarcerated.

Williamson also claims that the district court erred by denying Williamson's departure motion and imposing the presumptive sentence of 34 months in prison for aggravated battery and 17 months in prison for fleeing and eluding. But we don't have jurisdiction to consider the appeal of presumptive sentences under our state's sentencing guidelines, and these were presumptive guidelines sentences. See K.S.A. 2018 Supp. 21-6820(c)(1); *State v. Huerta*, 291 Kan. 831, 835, 247 P.3d 1043 (2011); *State v. Miller*, No. 116,572, 2017 WL 2022717, at *1 (Kan. App.) (unpublished opinion), *rev. denied* 306 Kan. 1327 (2017).

On Williamson's motion, we accepted this appeal for summary disposition under K.S.A. 2018 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). We have reviewed the record available to the district court, and we find no error in either the district court's restitution order or the sentence Williamson received.

We dismiss for lack of jurisdiction Williamson's challenge to the denial of his departure motion and the imposition of his prison sentences, and we affirm the district court's judgment.